YABUCOA SUGAR COMPANY, demandante y apelante, *v.* EL MUNICIPIO DE YABUCOA, demandado y apelado.

No. 5713.—*Sometido:* Mayo 27, 1932. *Resuelto:* Enero 11, 1933.

*González Fagundo & González Jr.,* abogados de la apelante; *Antonio Rodríguez,* abogado del apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Esta acción fué incoada para recobrar contribuciones pagadas bajo protesta a un municipio. La demandante apela de una sentencia adversa.

Los molinos de azúcar y mieles están incluídos en el grupo "C" de la sección 2 de la ley aprobada el 28 de marzo de 1914 para autorizar a los municipios de la Isla a imponer contribuciones a ciertas clases de negocios e industrias allí enumerados. Leyes de ese año, página 181. Los ferrocarriles están incluídos en el grupo "B". El negocio de compraventa de caña o azúcar no se menciona por su nombre ni está en forma alguna incluído en ninguno de los tres grupos. La sección 7 dispone: "Todo comerciante que dentro de un mismo establecimiento se dedique a negocios comprendidos en más de un grupo, pagará sobre la base del volumen total de los negocios hechos en cada grupo, al tipo prescrito en cada caso."

La demandante pagó contribuciones como dueña de la central. Además de éstas se vió obligada a pagar contribuciones como dueña de un ferrocarril y como traficante en azúcar. El caso fué visto y sometido con la declaración de un solo testigo. Su testimonio, tal cual aparece en la exposición del caso, fué como sigue:

"Que se llama, Antonio Agripino Roig, vice-presidente y administrador de la Yabucoa Sugar Co., que se dedica a la elaboración de azúcar que produce y embarca; que embarca lo que produce porque su negocio es producción de azúcar y embarque de ella para New York; que tiene ferrocarril para el movimiento interno de la corporación y para el arrastre de sus productos; que no transportan pasajeros porque no es un ferrocarril para el servicio público ni tampoco transportan otros productos que no sean los suyos; única y exclusivamente lo tiene para el arrastre de sus cañas y el azúcar.

Examinado por el abogado de la demandada contestó que tiene colonos; que embarcan sus azúcares por el puerto de Guayanés, o sea la playa de Yabucoa y que la transportan al puerto en ferrocarril; que ellos obtienen las cañas de los colonos para convertirlas en azúcar y

que las muelen en la central; que la central obtiene el azúcar que se les liquida mensualmente quedándose la central con el producto; ese producto lo embarca por el puerto de Guayanés; que utilizan el ferrocarril para el transporte de todas sus propiedades y de todos los productos; que obtienen los productos de los colonos y los arrastran por ferrocarril y los embarcan utilizando el puerto de Guayanés.

"Examinado nuevamente por el abogado de la demandante, declaró que ellos producen el azúcar en la central, y después de producido se pone en sacos y se lleva al puerto y se embarca para los Estados Unidos, donde la refinan; que venden el azúcar para los Estados Unidos.

"A preguntas de la corte contestó que ellos obtienen las cañas que producen los colonos y se les liquida, porque hay que pagarles por sus cañas cada quince días y hay que pagarles en dinero y se toma como base el promedio de venta y la central paga en dinero, no en azúcar; que la central compra el azúcar a los colonos y después lo embarca. El hecho es que el colono no podría hacer nada con sus cañas ni con el azúcar porque los lotes de embarque y venta serían como de 5,000 sacos y ellos estarían sin encontrar mercado porque no les comprarían en pequeñas cantidades. Que la central vende o hace sus ventas en New York a los refinadores directamente y que cuando embarcan los azúcares están vendidos, pues se venden por anticipado.

"Examinado nuevamente por el abogado de la demandante declaró que el azúcar se vende en los Estados Unidos y que la central no hace ninguna venta en Puerto Rico. Hay que venderla en la refinería y todos los gastos son por cuenta de la central."

 Los ferrocarriles mencionados en el grupo "B" son, según entendemos, ferrocarriles usados para el transporte de carga o pasajeros con fines lucrativos. Los comerciantes a que se hace referencia en la sección 7, *supra*, son los que se dedican al negocio de compraventa con fines lucrativos. La anterior declaración demuestra que la demandante explota su ferrocarril meramente como parte necesaria de su negocio, en el transporte de su propia caña e incidentalmente de la caña de otros colonos que ha de ser molida en su central, tanto para conveniencia como para beneficio propios, y para conveniencia y beneficio de otros colonos, y no para alquiler o con el objeto de obtener cualquiera utilidad derivada directamente del negocio ferroviario como tal. Ella

demuestra que la demandante en forma muy similar compró el azúcar fabricado de la caña molida para otros colonos y la vende englobada con el azúcar producido por su propia caña y que hace esto principalmente como cuestión de conveniencia y provecho para tales colonos más bien que con fines especulativos o lucrativos. De todos modos, según ya se ha indicado, el negocio de compraventa de azúcar para fines lucrativos no está incluído en ninguno de los tres grupos.

Nada hay que indique que el municipio hubiera impuesto ninguna de las contribuciones en cuestión en la forma prescrita por el inciso *"f"* de la sección 46 de la ley.

*La sentencia apelada debe ser revocada y la de esta corte ordenará la devolución de las contribuciones pagadas bajo protesta, de conformidad con la súplica de la demanda y de las demandas complementarias.*