CERVECERÍA INDIA, INC., demandante y apelante, *v.* MUNI-
CIPIO DE MAYAGÜEZ, demandado y apelado.

Número 11110.

*Sometido:* 1 de julio de 1954. *Resuelto:* 9 de agosto de 1954.

*J. Alemañy Sosa,* abogado de la apelante; *Luis F. Candal,* abo-
gado del apelado.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión
del Tribunal.

La corporación doméstica Cervecería India, Inc., ha ape-
lado de una sentencia adversa dictada por el Tribunal Su-
perior, Sala de Mayagüez, negándole derecho a la devolución
de contribuciones pagadas bajo protesta por dicha corpora-
ción al Municipio de Mayagüez por concepto de patentes mu-

nicipales correspondientes a los años fiscales 1947–48 y 1948–49, impuéstasle a base del volumen de ventas de cerveza efectuadas por ella durante los años indicados.

La apelante se dedica en el Municipio de Mayagüez a la fabricación de cerveza, malta y bebidas gaseosas y a la venta al por mayor de su producción en su propia fábrica o planta. Desde un principio ella ha asumido la posición de que la industria de cerveza está exenta del pago de patente municipal.(¹)   La corte a quo resolvió en su contra esta contención y tal resolución motiva el primer señalamiento de error en este recurso de apelación.

La Ley núm. 26 de 28 de marzo de 1914, conocida con el nombre de "Ley de Patentes"—Leyes de Puerto Rico de ese año, pág. 181—concede autorización a los consejos municipales, hoy asambleas municipales, para imponer y cobrar contribuciones, en forma de patentes, a las personas o entidades dedicadas a cualquiera de los *negocios* o *industrias* que se mencionan en la sec. 2 de dicha ley, la que dispone como sigue:

"Sección 2.—Los negocios o industrias sobre los cuales puede imponerse la patente que prescribe esta Ley, son los siguientes:

"*Grupo* A.—Establecimientos al por mayor, tiendas mixtas, tiendas de mercancías secas, colmados, tiendas de provisiones, mueblerías, farmacias, droguerías, ferreterías, tiendas de sombreros, tiendas de calzado, tiendas de efectos para caballeros, librerías o establecimientos de encuadernación de libros, baza-

---

(¹) En este caso la apelante no ha impugnado las patentes correspondientes a los años fiscales 1947–48 y 1948–49 a base de que la cerveza era un artículo que ya estaba sujeto a contribución bajo una ley insular—art. 4, inciso 4 y art. 6 de la "Ley de Bebidas Alcohólicas de Puerto Rico" aprobada en 15 de mayo de 1936 ((1) pág. 611) bajo el núm. 115, según enmendada—y que por tanto el Municipio carecía de facultad para gravarlo en forma de patente.   Art. 92 de la "Ley de Bebidas"; *San Miguel & Cía.* v. *Diez de Andino, Tes.*, 71 D.P.R. 344; *Compañía Azucarera del Toa* v. *Municipio*, 76 D.P.R. 331.   Nos damos cuenta, sin embargo, de que si el negocio o industria de la apelante estuviera incluído en la Ley de Patentes, el Municipio estaría autorizado para imponerle contribución en forma de patente a partir de la vigencia de la Ley núm. 437 de 15 de mayo de 1951 ((1) pág. 1255).   *A. J. Tristani, Sucrs., Inc.* v. *Municipio*, 76 D.P.R. 758.

res, tiendas de bicicletas o efectos para las mismas, quincallerías, bujerías, cafés, hoteles, restaurants, joyerías, establecimientos para la venta de automóviles o materiales para éstos o para guardar y reparar automóviles, tiendas de efectos de escritorio, confiterías, salones para la venta de helados, dulcerías, establecimientos para la venta de efectos de óptica, dentales o eléctricos, establecimientos para la venta de madera en bruto o elaborada, casas de huéspedes, fondas, puestos de leche, salones públicos de billar o de bolos, teatros, cinematógrafos y espectáculos semejantes para diversión del público, relojerías, camiserías, talleres para componer zapatos con maquinaria, carpinterías, trenes de lavado al vapor o fuerza eléctrica, fábricas de hielo, hojalaterías, panaderías, establecimientos para la venta de objetos de plomería, barberías, establecimientos fotográficos, casas de empeño, agencias funerarias, imprentas o casas editoras, talleres de herrar, caballerizas dedicadas a cuidar o alquilar caballos y coches, trasporte de personas o carga, mediante pago por automóviles, carros, carretas, coches o quitrines, servicio de exprés (sic), vendedores ambulantes, establecimientos de limpieza, tintorerías, herrerías.

"*Grupo* B.—Bancos, casas de banca particulares, plantas de alumbrado o fuerza eléctrica, ferrocarriles, tranvías eléctricos, tranvías de sangre, almacenes públicos, hipódromos, compañías de teléfono, hornos de cal, fundiciones, litografías, aserraderos al vapor y movidos por fuerza eléctrica o hidráulica, talleres de máquinas, tenerías, tahonas para pilar y lustrar café, muelles particulares, compañías o agencias de anuncios comerciales, fábricas de sombreros movidas por maquinarias, fábricas de conservas alimenticias y fábricas que fabriquen cualesquiera de los siguientes artículos: chocolate, baúles, fósforos, aguas de soda y carbonatadas, pastas para sopa, jabón, velas, colchones, aceite de malagueta, aceite de castor, aceite de coco, arneses, sillas de montar, carros, coches, carretones, mosaicos, losetas y otros productos de cemento, ladrillos, gas, efectos de alfarería y cajas de tabacos.

"*Grupo* C.—Las industrias de molinos de azúcar y mieles y los negocios de corredores, comerciantes comisionistas, agentes con oficinas permanentes, y corredores de bienes raíces."

En su fallo la corte a quo resolvió que el negocio de la apelante (industria de cerveza) está incluído en la frase "Establecimientos al por mayor" que figura en primer término

en el grupo A de la transcrita sec. 2. Su razonamiento a este respecto es como sigue:

"La sec. 2 de dicha ley enumera y clasifica los *'negocios o industrias sobre los cuales puede imponerse la patente'* y entre ellos, bajo el Grupo A, los *'establecimientos al por mayor'*. Parece claro y así lo concluímos que la planta de producción de cerveza de la corporación de la demandante y sus anexos y dependencias para la venta de dicho producto constituyen un *establecimiento* industrial y comercial dentro del significado usual y corriente de dicha palabra. *Art. 15, Código Civil, ed. 1930.* Véase el Diccionario de la Lengua Española, ed. de 1947, publicado por la Real Academia Española, donde se define la palabra *establecimiento,* en su quinta acepción, como 'lugar donde habitualmente se ejerce una industria o profesión' y la palabra *industria,* en su segunda acepción, como 'conjunto de operaciones materiales ejecutadas para la obtención, transformación o transporte de uno o varios productos naturales'. La naturaleza de ser *al por mayor* el negocio de la corporación demandante fué estipulado por las partes."

Convenimos en que la fábrica o planta de producción de cerveza de la apelante constituye un *establecimiento industrial* dentro del significado corriente y usual de dichas palabras. Sin embargo, el hecho de que la referida planta sea un *establecimiento* y el de que la estipulación de las partes sea al efecto de que "la demandante se ha dedicado siempre a la fabricación de cerveza y a su venta al por mayor", no significa por sí solo que dicha fábrica o planta esté incluída en la Ley de Patentes. La palabra "establecimiento" usada en la indicada ley está cualificada a aquéllos que lo sean "al por mayor". El concepto "al por mayor" no se aplica a la industria y sí al comercio. Como bien arguye la apelante no hay industrias al por mayor ni industrias al detal sino que las hay grandes o pequeñas según sea el volumen de su producción. En la Enciclopedia Jurídica Española, tomo 22, pág. 123, se define al *mayorista* de la siguiente manera: "Mayorista.—El comerciante o sociedad mercantil que hace sus ventas solamente al por mayor, y por lo regular, por me-

dio de contratos y pagos a plazos." De suerte pues que el concepto "establecimientos al por mayor" incluye a los establecimientos comerciales, mas no a los industriales. Se puede argüir, sin embargo, que el negocio de la apelante tiene dos fases, a saber: (1) la fabricación de cerveza, y (2) su venta al por mayor, y que esta última fase es la que está incluída en el término "establecimientos al por mayor". Nos parece que este argumento no debe prevalecer porque del propio texto de la ley se desprende que ésa no fué la intención de la legislatura. La enumeración de los negocios e industrias sujetas a patentes comienza en el grupo A con los *establecimientos al por mayor* y luego siguen otros establecimientos tales, como tiendas mixtas, tiendas de mercancías secas, colmados, tiendas de provisiones, mueblerías, farmacias, etc., o sean, establecimientos comerciales al detal. Esto indica que la frase "establecimientos al por mayor", se refiere a establecimientos comerciales. Como única excepción se incluye en ese grupo las fábricas de hielo. Es sin embargo en el grupo B donde se relacionan las fábricas que constituyen industrias. Entre ellas no están las fábricas o plantas de cerveza. *Cf. Yabucoa Sugar Co.* v. *Municipio*, 44 D.P.R. 348. Si todas las fábricas que venden al por mayor los artículos que producen o fabrican estuvieran incluídas en la frase "establecimientos al por mayor" mencionada en el grupo A, sería entonces innecesaria la enumeración que de las demás fábricas o industrias sujetas a patentes se hace en la ley, tales como las industrias que fabrican hielo, las fábricas de conservas alimenticias, fábricas de chocolate, de baúles, de fósforos, de agua de soda y carbonatada, de pastas para sopa, de jabón, de velas, etc. Debe dársele importancia al hecho de que mediante la Ley de Patentes la legislatura estaba concediendo autoridad a los municipios para imponer contribuciones y que por lo tanto dicha ley debe ser interpretada estrictamente. Si hay duda razonable en cuanto a la extensión del poder así delegado, la duda debe resolverse en contra del municipio que reclama el ejercicio de ese poder y en tal caso la decisión debe ser en

contra de la existencia del poder. 38 Am. Jur., sec. 324, pág. 17. Hemos visto que la Ley de Patentes enumera los negocios e industrias que están sujetos al pago de contribución en forma de patente y a no ser que de la propia ley se desprenda que fué otra la intención de la legislatura, tal enumeración es exclusiva y quedan por tanto, fuera de la ley las demás industrias o negocios no especificados en ella. Véase 38 Am. Jur., sec. 329, pág. 19.

Hay legislación posterior indicativa de que al aprobarse la Ley de Patentes la Legislatura tuvo la intención de sujetar al pago de patente municipal únicamente los negocios o industrias enumerados en dicha ley. Al aprobarse la Ley núm. 99 de 15 de mayo de 1931—Leyes de Puerto Rico de ese año, pág. 637—creando el Gobierno de la Capital se concedió facultad a la Junta de Comisionados[2] para que impusiera contribuciones y arbitrios razonables dentro de los límites jurisdiccionales de la capital y se le autorizó expresamente para incluir mediante ordenanza o resolución cualquier establecimiento o agencia de industria y comercio que no se hubiera enumerado en la Ley de Patentes de 1914. Convenimos con la apelante en que eso demuestra claramente que existen otros muchos establecimientos y negocios o industrias que no fueron incluídos en la Ley de Patentes y que por consiguiente no están sujetos a la imposición de contribucio-

---

[2] El art. 18 de esa ley según enmendado en cuanto a otros particulares por la Ley núm. 39 de 28 de abril de 1945 (pág. 125), dispone:

"Artículo 18.—Entre las facultades legislativas de la Junta de Comisionados, estarán especialmente las siguientes, sujetas a las demás disposiciones de esta Ley:

"............................................................

"4. La imposición de contribuciones y arbitrios razonables dentro de los límites jurisdiccionales de la Capital; *Disponiéndose*, que, a los efectos de la aplicación de la Ley de Patentes de Industrias y de Comercio decretada por la Asamblea Legislativa de Puerto Rico el veintiocho (28) de marzo de mil novecientos catorce (1914), la Junta de Comisionados queda por la presente autorizada para incluir mediante ordenanza o resolución cualesquiera establecimientos o agencias de industria y comercio que no se hubieren enumerado en la expresada Ley."

nes municipales.  Para que el Gobierno de la Capital pudiera imponerle y cobrarle patentes municipales a dichos establecimientos, negocios e industrias no incluídos en la Ley de Patentes, se le autoriza por la ley orgánica del mismo, según lo hemos visto, a incluir por resolución u ordenanza esos establecimientos, negocios e industrias excluídos en la Ley de Patentes.  Es correcto afirmar que si "la legislatura hubiera tenido la intención de que los demás municipios también tuvieran facultad para imponer patentes a establecimientos, negocios o industrias no incluídos en la Ley de 1914 lo hubiera hecho mediante la legislación aprobada en la misma forma que lo hizo cuando creó el Gobierno de la Capital."

Por otro lado la Ley de Patentes no contempló que una industria dedicada a la producción o fabricación de determinados artículos tuviera dos fases independientes, o sea, las de fabricación y venta.  Por el contrario al enumerar las industrias sujetas a patentes consideró que éstas producirían artículos para su venta.  Ello es así porque la patente se impone a base del ingreso bruto de la industria.  La sec. 3 de la Ley dispone que la patente se pagará sobre la base del volumen de los negocios efectuados durante el año natural inmediatamente anterior, y la sec. 4 define "volumen de negocios" como "los ingresos brutos que tenga en cualquier municipio el negocio o industria procedentes de las operaciones que realiza en Puerto Rico . . .".  Resulta meridianamente claro que la industria no tiene ingreso bruto si no vende los productos que fabrica o produce.  Esto robustece más aún el argumento de que la frase "establecimiento al por mayor" no incluye a las industrias por el solo hecho de que éstas vendan los artículos que fabrican o producen.

En vista de lo expuesto anteriormente resolvemos que la industria de cerveza no está sujeta al pago de contribuciones en forma de patente municipal, y en su consecuencia, que el tribunal a quo erró al no ordenar el reintegro solicitado por la apelante.

*La sentencia apelada será revocada y se dictará otra ordenando al Municipio de Mayagüez que reintegre a la demandante-apelante Cervecería India, Inc., las contribuciones pagádasle por ésta bajo protesta en concepto de patentes municipales correspondientes a los años fiscales 1947–48 y 1948–49, con las costas en el tribunal de instancia.*