MOLINOS DE PUERTO RICO, INC., demandante y recurrida, v. MUNICIPIO DE GUAYNABO, demandado y recurrente.

*Número:* R-76-228     *Resuelto:* 14 de diciembre de 1976

*José L. Morán* y *José Pérez Rodríguez,* abogados del recurrente; *Francis, Doval, Colorado & Carlo* y *Rogelio Muñoz, Jr.,* abogados de la recurrida.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

La demandante, Molinos de Puerto Rico, Inc., es una corporación organizada bajo las leyes de Nebraska y está

autorizada a hacer negocios en Puerto Rico. En su planta de Guaynabo la demandante elabora harina para pan y otros tipos de harina de trigo y de maíz para consumo humano. También manufactura alimento para ganado, aves, cerdos y otros animales domésticos.

Para el año fiscal 1972–73, el año envuelto en este pleito, la demandante declaró como volumen de ventas sujeto al pago de patentes municipales la suma de $20,145,140.90. En 1ro. de mayo de 1972 la demandante fue notificada por el Municipio de Guaynabo de la imposición de $60,145.50 por concepto de patente municipal, habiéndose tomado como base para dicha imposición los tipos contributivos establecidos en el Grupo A del Art. 2 de la Ley de Patentes Municipales vigente entonces, Ley Núm. 27 de 12 de junio de 1971; 21 L.P.R.A. sec. 641b. ([1])

Luego de impugnar, sin éxito, ante el Municipio la imposición de dicha patente la demandante recurrió al Tribunal Superior. Su posición es al efecto de que la contribución debió haberse computado a base de los tipos del Grupo B; que al cobrársele a base de los tipos del Grupo A la demandante pagó bajo protesta $20,503.50, suma que solicita que se le devuelva; que el Municipio debió haberle cobrado a base del Grupo B como siempre lo había hecho bajo la vieja Ley de Patentes del año 1914; y que la reclasificación de la demandante del Grupo B al Grupo A ha sido arbitraria e irrazonable y en violación del debido proceso de ley y de la igual protección de las leyes.

La ilustrada Sala sentenciadora así lo entendió y ordenó al Municipio de Guaynabo a devolverle a la demandante dicha suma más los intereses legales. Ante nos el Municipio hace varios señalamientos de error, los cuales en lo pertinente, se contraen a señalar que erró el tribunal de instancia al concluir que el Municipio venía obligado a clasificar a la recu-

---

([1]) La Ley de Patentes Municipales vigente en la actualidad es la Ley Núm. 113 de 10 julio 1974; 21 L.P.R.A. sec. 651 y ss.

rrida bajo el Grupo B y al denegarle facultad al Municipio para hacer otra clasificación. Acordamos revisar.

Si bien es cierto que la Ley de Patentes Municipales del año 1914 establecía taxativamente los negocios o industrias sobre los cuales las Asambleas Municipales podían imponer patentes, Ley Núm. 26 de 28 marzo 1914, sec. 2; 21 L.P.R.A. sec. 622 (derogada), *Cervecería India* v. *Municipio*, 77 D.P.R. 100 (1954), ya eso no era así cuando el Municipio de Guaynabo impuso la contribución que aquí se discute en mayo de 1972, bajo la nueva Ley Municipal, Ley Núm. 142 de 21 julio 1960 (21 L.P.R.A. sec. 1101 y ss.) y bajo una nueva Ley de Patentes Municipales, la Ley Núm. 27 de 12 junio 1971. Tampoco es así bajo la vigente Ley de Patentes Municipales, Ley Núm. 113 de 10 julio 1974.

Los textos legales aplicables a la situación de autos son la citada Ley Municipal de 1960 y la citada Ley de Patentes de 1971. Dicha Ley Municipal, en su Art. 31 (21 L.P.R.A. sec. 1173) dispone que las Asambleas Municipales podrán imponer contribuciones dentro de los límites jurisdiccionales del municipio y, especialmente en cuanto a patentes, dicho artículo autorizó a las asambleas municipales "para incluir, mediante ordenanza o resolución, cualesquiera establecimientos o agencias de industria y comercio que no se hubieren enumerado en la expresada ley." (Se refiere a la Ley de Patentes de 1914.) Esa disposición de la Ley Municipal de 1960 dejó sin efecto lo resuelto al respecto en *Cervecería India* v. *Municipio*, supra. Dicha disposición autorizó a las asambleas municipales a hacer adiciones a la lista antes considerada taxativa de la Ley de Patentes de 1914.

En fecha posterior a la Ley Municipal de 1960, cuando los poderes Legislativo y Ejecutivo aprueban la Ley de Patentes Municipales de 1971, autorizan a las asambleas municipales a imponer patentes a los negocios o industrias que dicha ley relaciona en su Art. 2 (21 L.P.R.A. sec. 641a) y las autorizan a que cobren dichas patentes a los tipos que esa ley

prescribe o al tanto porciento uniforme de dichos tipos que dichas asambleas municipales prescriban. Art. 1 de la Ley Núm. 27 de 12 junio 1971; 21 L.P.R.A. sec. 641. En adición a esa flexibilidad concedida a los municipios en lo concerniente al tipo a cobrar, dicha Ley de Patentes de 1971 dispuso en el último párrafo de su Art. 2 lo siguiente:

"Además de los comercios, negocios o industrias enumerados en este Artículo, la asamblea municipal queda autorizada para incluir y clasificar dentro de los grupos A, B o C, mediante ordenanza o resolución, cualesquiera otros comercios, negocios o industria no enumerados; Disponiéndose, que todos aquellos comercios, negocios o industrias que a la fecha de la vigencia de la presente ley hayan sido incluidos mediante ordenanza o resolución y que tampoco estén enumerados en este Artículo, quedan sujetos a las disposiciones de esta ley." [2]

■ Como puede verse, la autoridad concedida a los municipios por la nueva Ley Municipal antes mencionada y por la Ley de Patentes de 1971, vigente a la fecha de los hechos, no fue condicionada por la Asamblea Legislativa de Puerto Rico en el sentido de que los municipios venían obligados a incluir a los negocios e industrias en un grupo determinado. Dicha Ley de 1971, en el último párrafo de su Art. 2, facultó expresamente a los municipios para clasificar e incluir en uno de los tres Grupos A, B o C a cualesquiera otros comercios, negocios o industrias no enumerados.

Sobre el particular la evolución ha sido la siguiente: La Ley de Patentes de 1914 contenía una enumeración taxativa; la Ley de Patentes de 1971 contenía una enumeración no taxativa y facultaba a los municipios a clasificar e incluir otros comercios, negocios e industrias no enumerados; la vigente Ley de Patentes de 1974 eliminó la enumeración y concedió una facultad general a los municipios para imponer y cobrar patentes a los tipos que dicha ley prescribe o al tanto porciento uniforme de dichos tipos que las Asambleas Muni-

---

[2] 21 L.P.R.A. sec. 641a, *in fine.*

cipales determinen. Secs. 3, 4 y 5 de la Ley Núm. 113 de 10 julio de 1974.

Durante los últimos años ha habido una corriente de pensamiento, no exclusiva desde luego, que favorece la ampliación de la facultad impositiva de los municipios. Este es el reverso de la medalla de aquella corriente que favorece la devolución a los municipios de una serie de poderes. Prácticamente en todos los casos el ejercicio de un poder o de una facultad por una entidad pública conlleva erogación de fondos. De ahí surge esta tendencia que favorece la ampliación de las facultades impositivas de los municipios.[3] Naturalmente, este es un problema complejo de política pública lleno de concomitancias y corresponde a la Asamblea Legislativa y no al Poder Judicial tomar las decisiones que estime pertinentes. Sin embargo, como dijimos en *Texas Co. (P.R.)* v. *Municipio*, 81 D.P.R. 499, 509 (1959), no estamos justificados en adoptar normas restrictivas "en contra del poder contributivo de los municipios, a la luz de las claras e inequívocas expresiones que de tiempo en tiempo ha venido haciendo la Asamblea Legislativa con el fin de fortalecer, antes que debilitar, la facultad contributiva de los gobiernos municipales concedida en la Ley de Patentes." Cuando hay autoridad de ley para ello y excepto en casos inherentemente sospechosos no estamos inclinados a intervenir con la regulación económica municipal, pues como hemos señalado, esta es una función primordialmente legislativa, *City of New Orleans* v. *Dukes*, 49 L.Ed.2d 511 (1976).

*Se revocará la sentencia recurrida.*

El Juez Presidente Señor Trías Monge se inhibió. El Juez Asociado Señor Martín disiente por entender que el planteamiento de Molinos de Puerto Rico, Inc., debe resolverse a su

---

[3] Córdova, *Curso de Gobierno Municipal*, Editorial U.P.R. (1964), pág. 341 y ss.

favor por ser de aplicación al mismo la norma de *Cervecería India* v. *Municipio,* 77 D.P.R. 100 (1954).