ARECIBO BUILDING CORPORATION, demandante y recurrente,
*v.* MUNICIPIO DE ARECIBO, demandado y recurrido.

*Número:* R-83-488      *Resuelto:* 7 de febrero de 1984

PER CURIAM: El 23 de noviembre de 1983 emitimos una orden a la parte recurrida en los siguientes términos:

Considerando que en virtud de sentencia sumaria dictada por el Tribunal Superior, Sala de Arecibo, el 28 de septiembre de 1983, se declaró sin lugar demanda instada por la aquí recurrente contra el Municipio de Arecibo, en cuya demanda se impugnó la imposición y cobro a la recurrente de $1,514.21 por concepto de patentes municipales;

Considerando que la base estatutaria para la actuación del Municipio demandado es la Ley de Patentes Municipales, específicamente su [sección] 3, 21 L.P.R.A. sec. 651b, que autoriza dicha imposición "a toda persona dedicada a la prestación de cualquier servicio, o a la venta de cualquier bien, negocio financiero y/o cualquier industria o negocio";

Considerando que la patente municipal impuesta a la recurrente se refiere al alquiler por ésta de varios locales comerciales de su propiedad, sitos en Arecibo;

Considerando que esa actividad no parece estar comprendida en la definición que de los conceptos prestación de servicios, ventas, y negocio financiero da la citada Ley de Patentes Municipales en su [sec.] 2, 21 L.P.R.A. sec. 651a, y visto lo resuelto en *Cervecería India* v. *Municipio*, 77 D.P.R. 100 (1954), seguido en *Zerbe Penn* v. *Gob. de la Capital*, 86 D.P.R. 618 (1962);

Muestre causa la parte recurrida en o antes del 12 de diciembre de 1983 por la cual no deba expedirse el auto solicitado y revocarse la sentencia mencionada.

La parte recurrida ha comparecido y nos persuade de que debemos confirmar la sentencia apelada. Lo resuelto en los casos de *Cervecería India* v. *Municipio*, y *Zerbe Penn* v. *Gob. de la Capital*, supra, dejó de tener vigencia al derogarse la Ley de Patentes de 1914 —por la Ley de Patentes de 1971. A partir de esa ley la facultad impositiva de los municipios se ha ampliado sustancialmente. En *Molinos de P. R.* v. *Municipio de Guaynabo*, 105 D.P.R. 470, 473–474 (1976), hicimos un resumen de esta evolución. Señalamos que, "[l]a Ley de Patentes de 1914 contenía una enumeración taxativa; la Ley de Patentes de 1971 contenía una enumeración no taxativa y facultaba a los municipios a clasificar e incluir otros comercios, negocios e industrias no enumerados; la vigente Ley de Patentes de 1974 eliminó la enumeración y concedió una facultad general a los municipios para imponer y cobrar patentes a los tipos que dicha ley prescribe o al tanto por ciento uniforme de dichos tipos que las Asambleas Municipales determinen".

También dijimos, citando de *Texas Co. (P.R.), Inc.* v.

*Municipio*, 81 D.P.R. 499, 508 (1959), que "no estamos justificados en adoptar normas restrictivas 'en contra del poder contributivo de los municipios, a la luz de las claras e inequívocas expresiones que de tiempo en tiempo ha venido haciendo la Asamblea Legislativa con el fin de fortalecer, antes de debilitar, la facultad contributiva de los gobiernos municipales concedida en la Ley de Patentes'". *Molinos de P.R.*, supra, pág. 474.

La Sec. 3 de la Ley de Patentes de 1974 (21 L.P.R.A. sec. 651b) autoriza a las Asambleas Municipales de todos los municipios a imponer y a cobrar patentes "a toda persona dedicada a la prestación de cualquier servicio, o a la venta de cualquier bien, negocio financiero y/o cualquier industria o negocio . . .". Del texto de la ley se desprende que la autoridad concedida a los municipios es amplia. La utilización de las palabras "toda persona", "cualquier servicio", "cualquier industria o negocio" no permiten que se le dé una interpretación restrictiva como pretende la recurrente.

La Ley de Patentes no define la palabra negocio, por lo que debemos atender a su significado ordinario. El *Diccionario General Ilustrado (Vox) de la Lengua Española*, 3ra ed., 1973, la define como "[c]ualquier ocupación en la que se emplea trabajo, atención o tiempo, especialmente la hecha por lucro o interés". Resulta claro que el alquiler de locales en un centro comercial es una actividad que enmarca dentro del significado ordinario de la palabra negocio. Actuó correctamente el tribunal recurrido al declarar sin lugar la demanda.

Por los fundamentos expuestos, *se expedirá el auto y se confirmará la sentencia recurrida.*