SERRALLÉS ET AL., DEMANDANTES Y APELADOS, *v.* GALLARDO,
TESORERO INTERINO, DEMANDADO Y APELANTE.

APELACIONES procedentes de la Corte de Distrito de San
Juan, Distrito Primero, en pleitos sobre devolución de
contribuciones.

Nos. 3153, 3154, 3155, 3156 y 3157.—Resueltos en enero 31, 1924.

CONTRIBUCIÓN SOBRE INGRESOS—CUÁNDO LOS BENEFICIOS DE UNA CORPORACIÓN SE
CONVIERTEN EN INGRESOS DE LOS ACCIONISTAS.—Los beneficios de una corpo-

ración se convierten en ingresos de los accionistas, cuando tales beneficios se distribuyen como dividendos; no antes.

ID.—ID.—SOCIEDAD CIVIL—QUÉ LEY DEBE APLICARSE PARA EL COBRO DE LA CONTRIBUCIÓN SOBRE BENEFICIOS PERCIBIDOS POR LOS SOCIOS.—No habiéndose probado que los socios en este caso concreto recibieran sus beneficios mes por mes y demostrando por el contrario la prueba que los recibieron y se convirtieron individualmente en dueños de los mismos en 30 de abril de 1918, es la ley vigente en tal fecha la que debe aplicarse para el cobro de la contribución.

Los hechos están expresados en la opinión.

Abogado de los apelados: *Sr. J. Texidor.*

Abogados del apelante: *Hon. Attorney General* y *Sres. R. H. Todd, Jr., y C. Llauger Díaz.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

En todos estos recursos está envuelta la misma cuestión fundamental. Se consideraron en una sola opinión por la corte de distrito y se sometieron conjuntamente a este tribunal. Aunque se dictarán sentencias por separado, la opinión será una para todos.

En dos cartas que se presentaron como prueba se plantea el debate con toda claridad. Dichas cartas dicen:

"Al Tesorero de Puerto Rico, San Juan, Puerto Rico. Señor: A nombre y en representación del Sr. Juan Eugenio Serrallés, de Ponce, Puerto Rico, y de acuerdo con lo que dispone la Sección 66 de la Ley No. 80, tenemos el honor de solicitar el reintegro de ciertas contribuciones de ingresos impuestas y cobradas en error a dicho contribuyente por el año 1918, sobre la participación que al mismo correspondiera en los beneficios derivados por la sucesión J. Serrallés durante un año comercial terminado en abril 30, 1918.

"Ese Departamento, al determinar el montante de la contribución correspondiente a dicho año, omitió prorratear el ingreso, y erróneamente aplicó los tipos que prescribe la Ley No. 80 al ingreso total, siendo así que de ésto sólo está sujeta a dichos tipos la proporción correspondiente al período de enero 1 a abril 30, 1918. La proporción restante debe tributar a los tipos que señala la Ley Federal de septiembre 8, 1916, puesto que la vigencia de la Ley No. 80 sólo se retrotrae al 1 de enero de 1918.

"No existe ningún principio de equidad, ninguna disposición le-

gal ni precedente jurídico alguno que justifique el método empleado para computar la contribución impuesta en este caso. Por el contrario, la Ley dispone específicamente:

" 'Que en ningún caso se cobrará sobre ingresos obtenidos con anterioridad al 1 de enero de 1918, un tipo contributivo superior al establecido por las leyes de ingreso vigentes en dicha fecha.'

"Si el Departamento, a los efectos de imponer la contribución a la sociedad en su carácter colectivo, reconoció que el ingreso debía prorratearse para que tributara solamente la parte del mismo derivada durante el período de enero 1 a abril 30, 1918, no se explica que siente un criterio distinto para la tributación del mismo ingreso al ser transferido a los miembros de la sociedad en su carácter individual.

"Como se verá, esto resulta en una anomalía que lesiona los intereses del contribuyente hasta el punto de obligarle al pago de una contribución superior en mucho más de un ciento por ciento a aquella por la cual es responsable, y desde luego, cabe esperar la corrección del error sufrido por esa oficina, al objeto de que la contribución impuesta resulte justa y en consonancia con las disposiciones terminantes de la ley.

"Bajo tales circunstancias, del ingreso declarado por nuestro representante, montante a $118,184.60, debe separarse la suma de $108,022.78 que comprende la participación obtenida en los negocios de la Sucesión J. Serrallés, más la suma de $6,000 que recibiera en concepto de sueldo de la misma sucesión, en total $114,022.78, para obtener la proporción tributable a los tipos de 1917, que asciende a $76,015.18, quedando así el resto del ingreso total, o sea $42,169.42, sujeto a los tipos de 1918 . . . . . "

"Señores:—Como contestación y resolución a su reclamación de 2 de los corrientes, contra la contribución sobre ingresos impuesta al Sr. Juan Eugenio Serrallés, de Ponce, por el año contributivo de 1918, según planilla No. 335, recibo No. 289, solicitando el reintegro de parte de esta contribución impuesta y cobrada en error, sobre la participación que obtuvo el Sr. Serrallés en los beneficios derivados por la Sucesión J. Serrallés, durante el año comercial terminado en abril 30 de 1918, por la presente se les notifica que los miembros de sociedades civiles están obligados a rendir declaraciones de ingresos por el año natural al igual que otros individuos, debiendo incluir en sus declaraciones respectivas la participación obtenida en los beneficios de sociedades civiles, determinada al fin

del año comercial, vencido dentro del año natural por el cual rinden la declaración.

"Los ingresos que figuran en la declaración del Sr. Juan Eugenio Serrallés, por el año de 1918, fueron por él recibidos dentro del período del primero de enero a diciembre 31, y por consiguiente, sus alegaciones del punto suscitado, carecen de fundamento, toda vez que la entidad social Sucesión de J. Serrallés pagó y el Sr. Serrallés recibió en abril, fecha comprendida dentro del año natural, la participación que obtuvo en los beneficios de la citada mercantil.

"El beneficio o ingreso derivado de una sociedad civil para el socio individual, no puede ser determinado ni reducible a posesión, hasta que no se haya determinado definitivamente por medio de un balance de libros, y habiéndose determinado los beneficios correspondientes al año 1918 por balance de abril 30 de 1918, de la Sucesión de J. Serrallés la suma de $108,022.78, estos ingresos más los derivados de otras procedencias, están sujetos al pago de contribución adicional sobre el exceso de $5,000.00, según lo determina específicamnete la Sección 4 de la Ley insular No. 80, bajo cuyas prescripciones fué impuesta la contribución."

El juez de distrito sostuvo que el método seguido para el cobro del impuesto era erróneo y declaró con lugar todas las demandas. A juicio del juez de distrito deben prorratearse los ingresos obtenidos por los socios entre los doce meses que abarca el balance. Aplicando ese método, resulta que se cobró de más a los demandantes porque el tipo de contribución que regía en 1917 era más bajo que el que estaba en vigor en 1918. En sus sentencias el juez ordena que el Tesorero devuelva a los demandantes el exceso. El razonamiento del juez sentenciador es como sigue:

"La corte es de opinión que el Departamento actuó erróneamente al fijar como tipo contributivo para los ingresos declarados por los demandantes, el dispuesto por la Ley No. 80 de 1919, sin tener en cuenta, como han alegado los demandantes, que dichos ingresos fueron obtenidos durante un término (año Fiscal de las Sociedades) que comprendían parte del año 1917 y parte del 1918. Se hizo una distinción injusta entre las sociedades y los socios que las componían de acuerdo con manifestaciones del mismo tes-

tigo Sr. Purcel; al fijar la contribución de aquellos, se prorra-
tearon los beneficios entre los años 17 y 18, de modo que a los
obtenidos en el año 1917 se les impuso el tipo contributivo de la
Ley de 1917, y a los obtenidos en el 18, se les fijó el tipo con-
tributivo de la Ley No. 80 mencionada.   Pero en cuanto a los so-
cios individualmente no se les concedió ese beneficio, porque éstos,
en opinión del Departamento no podían determinar qué cantidad co-
rrespondía a una parte del año y cuál a la otra.

"La dificultad que encontró el Departamento y que le obligó a
establecer la regla injusta a que anteriormente se ha hecho men-
ción, está claramente resuelta en el artículo 31 del Reglamento Fe-
deral No. 33 que dice así:

" 'Hay también una regla de que una sociedad tiene el privile-
gio de fijar y presentar planillas sobre la base de un año fiscal,
lo mismo que se dispone para las corporaciones.   Si el año fiscal
de una sociedad (como distinto del año natural) termina en un
año natural para el cual hay un tipo de contribución distinto del
tipo para el año natural anterior, a los efectos de la contribución
sobre ingresos, la participación de cada socio en los beneficios de
la sociedad está dividida en la proporción de los distintos años na-
turales que componen dicho año fiscal y el tipo de la contribu-
ción por el año natural correspondiente será aplicada a aquella
parte de dichos beneficios que caiga dentro de dichos años natu-
rales.   Cualquier sociedad puede a opción designar el último de
cualquier mes como el término de un año fiscal.   En cada caso en
que el año fiscal de la sociedad difiera del año natural ésta deberá,
no menos de 30 días antes de marzo 1o., dar aviso por escrito al
colector de rentas internas del distrito en que su establecimiento
principal de negocios está situado, que el día así designado es el
término de su año fiscal.''

"Véase Black Income and other Federal Taxes, 4ª. edición, pág.
237.   Y más claramente aún en el artículo 952 del Reglamento
No. 45 que dice así:

" 'Año fiscal de una corporación que termina en 1918.   El mé-
todo dispuesto para computar la contribución por un año fiscal
que comienza en 1917 y termina en 1918 es como sigue: (*a*) la
contribución atribuíble al año natural 1917 se encuentra compu-
tando la renta del contribuyente y la contribución sobre la misma
de acuerdo con el Título 11 de la Ley de Rentas de 1917 como si
el año fiscal fuera el año natural 1917 y determinando la propor-
ción de dicha contribución como el número de meses que caen

dentro del año natural 1917 es al número de meses por todo el período; (*b*) la contribución atribuíble al año natural 1918 se encuentra computando la renta del contribuyente y la contribución sobre la misma de acuerdo con el estatuto vigente como si el año fiscal fuera el año natural de 1918 y determinando la proporción de dicha contribución como el número de meses que caen dentro del año natural es al número de meses del período total; (*c*) la contribución por el año fiscal se encuentra sumando la contribución atribuíble al año natural 1917 y la atribuíble al año natural 1918.'

"Véase la obra citada, pág. 320.

"Véase también Holmes Income Tax, pág. 113, de donde copiamos lo siguiente:

" 'Una sociedad tiene el mismo privilegio de fijar y hacer sus planillas sobre la base de su propio año fiscal, como lo tienen las corporaciones. Si un año fiscal terminó durante 1916 o termina durante un año natural subsiguiente para el cual hay un tipo de contribución diferente del tipo del año natural anterior, el tipo del año natural anterior se aplica o se aplicará a aquella parte de la participación de cada socio en los beneficios de la sociedad que sea igual a la proporción como la parte de tal año fiscal que cae dentro de tal año natural anterior es el año fiscal completo y el tipo del año natural durante el cual termina dicho año fiscal se aplicará al resto de dichos beneficios. Como ejemplo de esta disposición, supongamos que una sociedad cerró su año fiscal en 30 de junio, 1916. En tal caso después que cada socio ha determinado su participación en los beneficios que ha de declarar se le permitirá dividir la cantidad por dos (puesto que la mitad del año fiscal cayó en 1916 y la otra mitad en 1915) y pagar sobre la mitad a los tipos de 1915 y sobre la otra mitad a los tipos de 1916. Lo mismo en el caso de un año fiscal que termina en 1917; los tipos de 1916 se aplicarán a aquella parte proporcional de los beneficios como la parte del año fiscal incluída en 1916 es al total del año fiscal. Antes de esta enmienda del estatuto el Departamento del Tesoro sostuvo que cuando el año fiscal de una sociedad terminaba en cualquier época que no fuera el 31 de diciembre el total de los beneficios de la sociedad habría de ser declarado como rentas por el año natural en que terminaba el año fiscal de la sociedad.' "

No conforme el Tesorero apeló para ante este tribunal y en su alegato argumenta de modo convincente su posi-

ción.    A nuestro juicio, tiene razón el Tesorero y deben re-
vocarse las sentencias apeladas.

La ley aplicable es la No. 80 de 1919. Su sección se-
gunda, Leyes de 1919, página 615, entre otras disposiciones
contiene la que sigue:

"El término 'Año Contributivo' significa un período de con-
tabilidad de doce meses sobre cuya base se computará el ingreso neto
de acuerdo con esta Ley. El primer año contributivo para los
efectos de la presente Ley será el año natural que termine el día
31 de diciembre de 1918 o cualquier período de contabilidad de
doce meses que termine durante el año natural de 1918. Los sub-
siguientes años contributivos se contarán a partir del día en que
termine el primer año contributivo; *Disponiéndose* que en ningún
caso se cobrará sobre ingresos obtenidos con anterioridad al 1 de
enero de 1918, un tipo contributivo superior al establecido por las
leyes sobre ingresos vigentes en dicha fecha."

El Tesorero entendió que el *disponiéndose* que contiene
el párrafo transcrito no lo autorizaba a prorratear los in-
gresos, porque dichos ingresos si bien procedían de un pe-
ríodo de tiempo que comprendía parte del año 1917 en rea-
lidad de verdad no fueron obtenidos por los socios indivi-
dualmente hasta 1918.

Es muy importante lo dispuesto en la sección cuarta del
propio Reglamento Federal 33 citado en su opinión por el
juez sentenciador.    Dice así:

"*Sociedades.*—Se ha sostenido que el ingreso de las sociedades
se obtiene por el socio individual en la fecha en que se determina
su participación o beneficio en la misma. En la planilla de ingre-
sos hecha por los individuos para el año ordinario, deben incluirse
los beneficios que provengan del negocio de participación en socie-
dades por el año fiscal de la sociedad, de acuerdo con lo que haya
sido determinado por el balance practicado en los libros, háyanse
distribuído, o no, los dividendos o beneficios. Los socios están obli-
gados a hacer declaraciones de ingresos, como individuos, para el
año ordinario, y deben incluir en sus declaraciones los beneficios
de las sociedades determinados al final del año fiscal de la socie-
dad que corresponda al año ordinario para el cual se rinde la de-

claración de ingresos." Sec. 4, pág. 11 del Reglamento 33 Federal.

Esa disposición ha sido comentada por los autores como sigue:

"Lo que el Gobierno requiere de cada individuo que sea socio de una o más casas de comercio, es una relación completa y detallada de su interés en los beneficios sociales durante los *doce meses* que terminan en cualquier período durante su año fiscal personal. La aceptación de esta declaración como correcta, elimina la necesidad de calcular o apreciar el ingreso del socio durante el año fiscal de la sociedad no es el mismo que el del socio. Es conveniente y provechoso el expresar el total que aparezca en los informes de la sociedad, y toda vez que la Ley de Ingresos ha venido a ocupar un sitio permanente en el sistema contributivo, los individuos deben cambiar sus períodos fiscales y combinarlos con aquellos que correspondan a sus sociedades a menos que tal cambio les afecte en aumento de sus contribuciones." *Income Tax Procedure* por Robert H. Montgomery, pág. 377, Ed. de 1919.

"El beneficio que se deriva del interés de una persona en los negocios de una sociedad, es parte de su ingreso. Las ganancias netas de una sociedad constituyen ingresos de la firma, mientras tanto permanezcan en la posesión de dicha firma o al crédito de la misma. Pero cuando una parte cualquiera de los beneficios se adjudica y reparte al socio individual, tal parte es y constituye un ingreso individual o particular del socio." *Black, Income and other Federal Taxes,* (1920) párrafo 60, pág. 72.

"La participación de los socios en los beneficios de la sociedad será el montante que aparezca de los libros cuando éstos se cierran y no su interés en el montante del ingreso de una sociedad representado por ingresos actuales, excepto en el caso de que la sociedad lleve sus libros sobre la base de ingreso y egreso." *Holmes Federal Income and profit Taxes,* (1920) pág. 115.

Se sostiene por los apelados en su alegato que el reglamento 33 no es aplicable. No estamos conformes. La Ley No. 80 de 1919, en su sección 33, Leyes de 1919, pág. 651, dispone:

"Sección 33.—El Tesorero queda por la presente autorizado para dictar las reglas y reglamentos que sean necesarios al objeto

de poner en vigor las disposiciones de esta Ley; pero, mientras no se promulguen tales reglas y reglamentos, permanecerán en toda fuerza y vigor, en cuanto no se opongan a las disposiciones de esta Ley, las reglas y reglamentos que rigen actualmente para la administración de la Ley Federal de septiembre 8 de 1916, según fué enmendada en octubre 3 de 1917.''

Tendría que demostrarse que el reglamento estaba en conflicto con la ley puertorriqueña y ello no se ha demostrado en modo alguno. Refiriéndonos al propio *disponiéndose* de la sección 2 de la Ley No. 80 de 1919, se observará que habla de los *ingresos obtenidos con anterioridad al 1 de enero de 1918*. ¿Cuándo obtuvieron los socios los ingresos que declaran en la planilla de 1919, a los efectos de la imposición de contribuciones por el año de 1918? Oigamos lo que dice su propio testigo Rafael M. Raldiris, Auditor de la Central Mercedita, declarando como testigo en el juicio:

'' (Ddo.).—A.—¿En esas cuentas que Ud. ha examinado de esos señores Serrallés, figura mensualmente el beneficio?—Testigo.—No señor, los beneficios se reparten anualmente.—A.—¿En qué fecha obtuvieron los beneficios el año ese?—Dte.—Precisamente en la obtención del beneficio está todo. Una cosa es que el Tesorero sostenga una cosa y otra cosa es la terquedad nuestra.—A.—¿Cuándo le fué pagado los beneficios?—T.—Esos beneficios los iban derivando ellos mensualmente y se pagaban por año.—A.—¿Cuándo tomaron posesión de los beneficios?—T.—Tomaron el 30 de abril.—A.—¿De qué año?—T.—De 1918.''

Los demandantes no aportaron prueba de beneficios obtenidos mes por mes. No consta en los autos demostración alguna del beneficio exacto correspondiente a los meses de 1917 y del correspondiente a los meses de 1918. Si se hubiera demostrado que los socios individualmente recibieron beneficios mes por mes, el caso presentado hubiera sido distinto. Lo que consta es que los beneficios declarados corresponden a un período de vida de la sociedad civil que

comprende meses del 1917 y meses del 1918.   Quizá durante los meses de 1917 hubo sólo gastos, tal vez pérdidas y de hecho todas las ganancias se obtuvieron en 1918.   Pero prescindiendo de esta consideración, la verdadera base para resolver la cuestión está en la determinación del momento en que los socios recibieron e individualmente se convirtieron en dueños de las ganancias y ese momento fué claramente en 1918.

Supongamos el caso en que la sociedad hubiera obtenido grandes ganancias en los meses de 1917 y luego hubiera perdido en 1918.   ¿Hubieran acaso declarado los socios mes por mes las ganancias de 1917?   Seguramente que no y hubieran procedido rectamente, porque dichas ganancias jamás se materializaron para ellos.

Las partes no han citado jurisprudencia con respecto a sociedades, pero en cuanto a corporaciones son abundantes las decisiones que sostienen que:

"Los beneficios de una corporación se convierten en ingresos de los accionistas de la misma cuando tales beneficios se distribuyen como dividendos, pero no antes." *Miller* v. *Payne*, 150 Wis. 254 136 N. W. 811;   Will of Pabst, 146 Wis. 330, 131 N. W. 739; *Gibbons* v. *Mahon*, 136 U. S. 549, 10 Sup. Ct. 1057, 34 L. Ed. 525;   *Hyatt* v. *Allen*, 56 N. Y. 553, 15 Am. Rep. 449; *Minot* v. *Payne*, 99 Mass. 101, 96 Ame. Dec. 705. *Van Dike* v. *City of Milwakee*, 146 N. W. 812.

Por virtud de todo lo expuesto deben revocarse las sentencias recurridas y en su lugar dictarse otras declarando las demandas sin lugar, sin especial condenación de costas.

*Revocada.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.