THE COCA COLA COMPANY, demandante y recurrente, *v.* MUNICIPIO de CAROLINA, JOSÉ E. APONTE y FELIPE RODRÍGUEZ LEBRÓN, demandados y recurridos.

*Número:* RE-90-603 *Resuelto:* 27 de mayo de 1994

---

*Tcherine Andújar* y *Rafael A. Carazo*, de *McConnell, Valdés, Kelly, Sifre, Griggs & Ruiz Suria*, abogados del recurrente; *Casiano Betancourt Morales* y *Jennie Rabell*, abogados del

recurrido; *Roberto C. Rodríguez Poventud*, de *Bobonis, Bobonis & Rodríguez Poventud*, abogado del *amicus curiae*, la Asociación de Industriales de Puerto Rico; *Anabelle Rodríguez, Procuradora General, Reina Colón de Rodríguez, Subprocuradora General, y Héctor Clemente Delgado, Procurador General Auxiliar*, abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

En varias ocasiones hemos evaluado el alcance de la Ley Núm. 113 de 10 de julio de 1974, conocida como la Ley de Patentes Municipales, 21 L.P.R.A. sec. 651 *et seq.*[1] *Banco Popular v. Mun. de Mayagüez*, 126 D.P.R. 653 (1990), en reconsideración; *Sears Roebuck de P.R. v. Mun. de San Juan*, 122 D.P.R. 26 (1988); *Banco Popular v. Mun. de Mayagüez*, 120 D.P.R. 692 (1988); *American Express Co. v. Mun. de San Juan*, 120 D.P.R. 339 (1988).

Hoy resolvemos si la amplia facultad concedida a los municipios para imponer y cobrar patentes incluye el pago de un dividendo a The Coca–Cola Company (en adelante Coca-Cola), bajo la tesis de que forma parte del volumen de sus negocios.

I

Los hechos estipulados revelan que en 1968 Coca-Cola adquirió la totalidad de las acciones emitidas y en circulación de Caribbean Refrescos, Inc. (en adelante Caribbean), entidad reorganizada bajo las leyes de Delaware, dedicada a producir localmente concentrados, bases de bebidas y jarabes (*syrups*) para la preparación de bebidas no alcohólicas, con y sin carbonatación. Desde 1970 Caribbean se había dedicado a la manufactura de estos productos bajo un decreto de exención industrial conforme a la Ley de Incentivos Industriales de 1953. Ésta opera en el Municipio de

---

[1] Dicha ley fue enmendada por las Leyes Núms. 82 de 30 de agosto de 1991 y 93 de 17 de noviembre de 1992. Adjudicamos este recurso al amparo de la ley vigente al momento de los hechos.

Cidra desde 1978 y había declarado y pagado dividendos a Coca-Cola por las utilidades y los beneficios resultantes de sus operaciones exentas en Puerto Rico; además, había satisfecho a Puerto Rico la contribución impuesta sobre estos dividendos (*tollgate tax*).

El 1ro de diciembre de 1985 Coca-Cola comenzó sus operaciones de negocios en el Municipio de Carolina, consistentes en la producción y venta de bebidas concentradas de frutas y otros productos.

En 1986 Caribbean declaró y pagó un dividendo de sus operaciones exentas por ciento cincuenta millones de dólares ($150,000,000) y satisfizo ocho millones trescientos noventa y dos mil ochocientos cinco dólares ($8,392,805) a Puerto Rico por el *tollgate tax.* El referido dividendo fue transferido electrónicamente (*wire transferred*) por Caribbean a una cuenta de Coca-Cola en el Banco Citibank, N.A., de Nueva York.

Coca-Cola presentó al Municipio de Carolina una declaración del volumen de negocios derivado de las operaciones de su oficina en Carolina consistente en el ingreso bruto de la venta de productos durante 1986. Como dicho volumen excedía los cien mil dólares ($100,000), por mandato de la Ley de Patentes Municipales adjuntó un estado situacional de ganancias y pérdidas certificado por un contador público autorizado. En ese estado, aunque incluyó el dividendo, lo excluyó de la declaración del volumen de negocios.

Oportunamente, el Municipio de Carolina le notificó preliminarmente esa deficiencia para el Año Fiscal 1987–1988. Coca-Cola protestó, pidió y obtuvo una vista administrativa. Luego, el Municipio de Carolina le comunicó finalmente una deficiencia de cuatrocientos cincuenta mil dólares ($450,000), más veintiséis mil doscientos cincuenta dólares ($26,250) en intereses y veintidós mil quinientos dólares ($22,500) en recargos, por un total de cuatrocientos noventa y ocho mil setecientos cincuenta dólares ($498,750). Coca-Cola afianzó para garantizar su pago y la

impugnó en el Tribunal Superior, Sala de San Juan. Dicho foro (Hon. Gilberto Gierbolini, hijo) sostuvo su validez. A solicitud de Coca-Cola, revisamos.

## II

 Un dividendo es un beneficio corporativo que se convierte en ingreso de sus accionistas cuando se distribuye. *Serrallés et al. v. Gallardo, Tesorero Interino*, 32 D.P.R. 706, 715 (1924). Como adelantáramos, la controversia consiste en determinar si dicho ingreso (el dividendo) forma parte del volumen de negocios de Coca-Cola para efectos de la Ley de Patentes Municipales.

Dicho estatuto define "volumen de negocios" como

...los ingresos brutos que se reciben o se devenguen por la prestación de cualquier servicio, por la venta de cualquier bien, o *por cualquier otra industria o negocio en el municipio donde la casa principal realiza sus operaciones*, o los ingresos brutos que se reciban o se devenguen por la casa principal *en el municipio* donde ésta mantenga *oficinas*, almacenes, *sucursales*, planta de manufactura, envase, embotellado, procesamiento, elaboración, confección, ensamblaje, extracción, lugar de construcción, o cualquier otro tipo de organización de industria o negocio para realizar negocios a su nombre, *sin tener en cuenta sus ganancias o beneficios*. (Énfasis suplido.) 21 L.P.R.A. sec. 651 a(7)(A).

 Por su parte, el Reglamento de Patentes Municipales Núm. 3142 de 10 de agosto de 1984, en su Art. 2(7)(A), págs. 2–3, concibe el ingreso bruto como la "totalidad de los ingresos de fuentes dentro o fuera de Puerto Rico, *que se reciben o devenguen en la operación que se lleva a cabo en cada Municipio*, incluyendo todos los ingresos adicionales, como intereses y dividendos *atribuibles a la operación*".[2] (Énfasis suplido.)

---

[2] Cabe señalar que la definición de "ingreso bruto" fue sustancialmente modificada a raíz de la enmienda aprobada mediante la Ley Núm. 93 de 17 de noviembre de 1992 (21 L.P.R.A. sec. 651a(7)(A)).

■ En *Banco Popular v. Mun. de Mayagüez,* supra, resolvimos que los ingresos recibidos en Puerto Rico de fuentes externas —intereses de inversiones hechas fuera de Puerto Rico— son incluibles en el cómputo de volumen de negocios. Nuestra decisión esencialmente estuvo fundamentada en el *tratamiento singular* que la Asamblea Legislativa expresamente pautó para los bancos, estimar como parte del ingreso bruto los ingresos derivados de *cualquier procedencia.* 21 L.P.R.A. sec. 651a(7)(B). Además, allí concluimos que era aplicable la regla general de volumen de negocios —21 L.P.R.A. sec. 651a(7)(A)— por ser ingresos brutos recibidos en el municipio donde la casa principal realizaba sus operaciones; era de notar que aunque el ingreso se generaba fuera de Puerto Rico se debía a los negocios realizados en el municipio. Reiteramos que el factor determinante es que el ingreso se produzca como consecuencia de los negocios que la persona, natural o jurídica, desempeña en el municipio, lo cual implica que el ingreso no hubiese sido generado a no ser por las operaciones llevadas a cabo allí.

## III

En el caso de autos, la situación es distinguible y exige distinto resultado. El dividendo recibido por Coca-Cola no se debe a los negocios que realiza en el Municipio de Carolina. Nos explicamos.

En *primer* lugar, Coca-Cola poseía la totalidad de las acciones de Caribbean con anterioridad a que estableciera sus oficinas en el Municipio de Carolina. *Segundo,* quedó establecido que sus operaciones en Carolina son producir y vender bebidas concentradas de frutas y otros productos asépticos. Y *tercero,* independientemente de mantener esa sucursal en Carolina, Coca-Cola siempre hubiese recibido el dividendo en cuestión. En resumen, este dividendo no es un ingreso "que se recibe o devenga en la operación que se

lleva a cabo en el Municipio" (Reglamento sobre Patentes Municipales, *supra*); tampoco consiste en uno "atribuible a la operación" que allí realiza (íd).

■ Finalmente, en nada varía nuestra decisión el que hubiese incluido el dividendo en el estado financiero de las operaciones de Coca-Cola. La facultad municipal de imponer patentes no es documental, sino sustantiva; no depende de que se incluya o no el ingreso en determinado estado financiero.

■ La definición de "volumen de negocios" visualiza que se incluyan "los ingresos brutos que se reciben o se devenguen por la casa principal [Coca-Cola] en el municipio donde ésta mantenga oficinas [Carolina] ... sin tener en cuenta sus ganancias o beneficios [las de la casa principal]". 21 L.P.R.A. sec. 651a(6)(A). Fue la intención de la Asamblea Legislativa que se excluyera del volumen de negocios sujeto al pago de patente los beneficios o ganancias de la casa principal no atribuibles a su operación en el municipio. El dividendo en este caso forma parte de estas ganancias o beneficios exentos.(3)

*Se dictará sentencia revocatoria.*

El Juez Asociado Señor Hernández Denton disintió por entender que este Tribunal carece de jurisdicción para considerar el recurso de autos. Al presentar su recurso, Coca-Cola Company no acreditó fehacientemente nuestra juris-

---

(3) Confirma este enfoque el que la Asamblea Legislativa, en aras de precisar los ingresos sujetos al pago de patentes, en las enmiendas adoptadas a la ley el 30 de agosto de 1991 definió "atribuibles a la operación" como "la totalidad de los ingresos derivados dentro y fuera de Puerto Rico que reciba o devengue una persona relacionada con la explotación de una industria o negocio en Puerto Rico, tales como, pero no limitado a intereses sobre inversiones, pagarés u otras obligaciones *excluyendo los intereses exentos según definido en la sec. 651h de este título, así como los dividendos o beneficios recibidos por dicha persona*". (Énfasis suplido.) 21 L.P.R.A. sec. 651a.

De hecho, incluyó entre las exenciones "[l]os ingresos, no atribuibles a operaciones en Puerto Rico, de corporaciones exentas bajo las secs. 256 *et seq.* del Título 13 y leyes de incentivos industriales anteriores, de conformidad con las disposiciones de las Secciones 936 y 482 del Código de Rentas Internas Federal". 21 L.P.R.A. sec. 651h(27).

dicción, pues no incluyó una copia de la orden del foro de instancia en la que acogió oportunamente la moción de reconsideración de la empresa. Esta omisión tiene la consecuencia de que, al evaluar originalmente el recurso, este Foro no tenía jurisdicción. La Juez Asociada Señora Naveira de Rodón no intervino. El Juez Asociado Señor Fuster Berlingeri se inhibió.