El Juez Asociado Señor Rivera García
emitió la opinión del Tribunal.
Nos corresponde determinar en el presente recurso si la actividad de almacenamiento de papel llevada a cabo por una compañía de comunicaciones, representa un elemento esencial en el funcionamiento de esa empresa que, a su vez, incide sobre sus ganancias y volumen de negocios.
El reclamo de la peticionaria se fundamenta en la Ley de Patentes Municipales, 21 L.P.R.A. sec. 651 et seq., la cual establece que la patente municipal se calcula a base del volumen de negocios atribuibles a la prestación de al-gún servicio, industria o negocio que se lleve a cabo en un municipio.
El caso de autos tiene su génesis en una impugnación de una notificación final de denegatoria de reintegro de pa-tentes municipales emitida por el municipio de Guaynabo contra la parte recurrida, El Día, Inc. (EDI), correspon-diente a los años fiscales 2005-2006 al 2008-2009. La re-currida alega, a esos efectos, que el municipio de Cataño le requirió el pago de una deficiencia por concepto de paten-tes municipales relacionadas con un almacén que EDI tiene arrendado en dicho municipio para guardar una por- *815 ción de rollos de papel que se utilizarían en la impresión del periódico. En vista de lo anterior, EDI solicita que se ordene al municipio de Guaynabo que, a prorrata, le de-vuelva o acredite cualquier cantidad pagada a este en con-cepto de patentes municipales.
Conscientes de la naturaleza de la controversia ante nos, pasemos a trazar los hechos pertinentes que la originaron.
I
El 22 de junio de 2010 la recurrida presentó una de-manda sobre impugnación de cobro de patentes municipa-les en contra del municipio de Cataño (Cataño) y del peti-cionario, municipio de Guaynabo (Guaynabo). En esta alegó que Cataño le notificó un déficit en el pago de paten-tes municipales por el uso de un almacén arrendado que ubica en ese municipio. Además, sostuvo que no corres-ponde el pago de dichas patentes, porque no realiza activi-dades de negocio dentro del referido municipio, ya que el referido almacén solo servía para almacenar papel que pos-teriormente se utilizaría para confeccionar el periódico en las facilidades ubicadas en Guaynabo.
Luego de varias incidencias procesales, el 25 de agosto de 2011 el peticionario presentó una moción de desestimación. En síntesis, argüyó que debía desestimarse el pleito en su contra ya que, según lo establecido en la Ley de Patentes Municipales, el cobro de patentes municipales debe realizarse de acuerdo con el volumen de negocio ge-nerado en la demarcación geográfica del municipio donde ubican las facilidades dirigidas a ese propósito.
Entre tanto, Cataño se opuso a la solicitud de desestimación. Alegó que de acuerdo con la ley en contro-versia y su jurisprudencia interpretativa, podía exigirse el pago también en lugares donde una empresa realizara ac-tividades esenciales para su negocio. En virtud de ello, *816 afirmó que el arrendar un establecimiento para el almace-namiento de papel que utilizaría en un futuro, constituía una actividad básica para el funcionamiento de su negocio.
Por su parte, EDI presentó una moción expresando su posición en torno a la petición de desestimación presentada por Guaynabo. En síntesis, alegó ser un proveedor de ser-vicios de comunicación y que no realiza negocios ni man-tiene oficinas en Cataño, sino que es en Guaynabo donde se lleva a cabo su actividad económica. Empero, afirmó que el peticionario debía permanecer en el pleito hasta que se determinase si procedía el pago de las patentes y el ale-gado rembolso correspondiente por parte del peticionario.
Posteriormente, el Tribunal de Primera Instancia (TPI) dictó una Resolución denegando la petición de Guaynabo. A estos efectos, determinó que existe duda sobre si las par-tes llevarían o no un descubrimiento de prueba para deter-minar el alcance de la Ley de Patentes Municipales con respecto a la controversia de este caso. Es decir, si el alma-cenaje de papel resulta ser esencial para el funcionamiento de EDI.
Asimismo, ordenó a las partes a que, luego de presentar su prueba, si así lo hicieran, entregaran al tribunal sendos memorandos de derecho con sus respectivos argumentos sobre si corresponde o no que Cataño cobre las patentes municipales a la recurrida según el claro entendimiento “que no habría más controversia que las de derecho por resolver”.(1) Sobre este particular, el foro de instancia ex-presó:
Ahora bien, es cuando utilizamos el método de prorrateo que surge la duda de si las empresas de comunicación deben pagar patente y si es mediante el método de prorrateo que se debe pagarla. Por un lado, la Ley indica que el método de prorrateo podrá ser utilizado para cobrar patentes a negocios de comu-nicaciones, incluyendo “otros negocios de comunicaciones”. Sin *817 embargo, en un inciso anterior la Ley indica que en “Otros servicios de comunicación... el volumen de negocios será el importe de lo recaudado de dichos servicios de comunicación en cada municipio donde mantenga oficinas” creando duda si solo se podrá cobrar patentes en aquellos municipios donde la empresa recauda dinero directamente o donde esta mantenga locales que influyan en la obtención de ganancias. (Énfasis en original).(2)
No conteste con esta determinación, el peticionario acu-dió mediante un recurso de certiorari ante el Tribunal de Apelaciones. No obstante, dicho foro determinó no expedir dicho recurso.
Inconforme con ese proceder, Guaynabo presentó un re-curso de certiorari ante este Tribunal con el siguiente se-ñalamiento de error:
Erró el Tribunal de Apelaciones al no expedir el recurso de certiorari ante sí y, en consecuencia, no considerar en los mé-ritos la controversia planteada en el mismo, ni desestimar el caso contra el Municipio de Guaynabo. Certiorari, pág. 4.
Atendido el recurso, expedimos el auto de certiorari solicitado. Las partes han presentado sus respectivos alegatos. Contando con el beneficio de sus comparecencias, procedemos a resolver.
II
A. Ley de Patentes Municipales
Surge de la Exposición de Motivos de la Ley Núm. 113 de 10 de julio de 1974, según enmendada, conocida como la Ley de Patentes Municipales, que esta fue creada para fijar patentes municipales sobre los servicios, las ventas, los negocios financieros y otras industrias o negocios. La patente constituye “la contribución impuesta y cobrada por el municipio bajo las disposiciones de las sees. 651 a *818 652y de este título, a toda persona dedicada con fines de lucro a la prestación de cualquier servicio, a la venta de cualquier bien a cualquier negocio financiero o negocio en los municipios... de Puerto Rico”.(3)
La intención del legislador al aprobar este estatuto fue proveer un mecanismo a los municipios para generar ingresos y fortalecerlos económicamente para que cumplan sus funciones en beneficio del bienestar general de los ciudadanos que habitan en esa área. Café Rico, Inc. v. Mun. de Mayagüez, 155 D.P.R. 548, 559 (2001); F.D.I.C. v. Mun. de San Juan, 134 D.P.R. 385 (1993).
La referida tributación está cimentada en la prestación de servicios y ventas que ofrece la industria o el negocio a un consumidor. Tomando esto como base, la ley establece que la patente municipal se calcula a base del volumen de negocio que lleva a cabo la industria o empresa en ese municipio.
Cónsono con lo anterior, la Ley de Patentes Municipales define volumen de negocios como
... los ingresos brutos que se reciben o se devenguen por la prestación de cualquier servicio, por la venta de cualquier bien, o por cualquier otra industria o negocio en el municipio donde la casa principal realiza sus operaciones, o los ingresos brutos que se reciban o se devenguen por la casa principal en el municipio donde ésta mantenga oficinas, almacenes, sucur-sales, planta de manufactura, envase, embotellado, procesa-miento, elaboración, confección, ensamblaje, extracción, lugar de construcción, o cualquier otro tipo de organización, indus-tria o negocio para realizar negocios a su nombre, sin tener en cuenta sus ganancias o beneficios. 21 L.P.R.A. sec. 651a(a)(7)(A)(i).
En armonía con lo anterior, la referida ley dispone cómo se determina el cálculo cuando existen sucursales en distintos municipios:
*819 ... El volumen de negocios de personas que mantienen ofici-nas, almacenes, sucursales o cualquier otro tipo de organiza-ción de industrias o negocios en distintos municipios de la Isla se determinará en cada municipio por separado a los efectos de que la casa principal pague las contribuciones que corres-ponda al respectivo municipio donde radica cada oficina, alma-cén, sucursal o cualquier otro tipo de organización de indus-tria o negocio. 21 L.P.R.A. sec. 651a(a)(7)(E).
Según este precepto, hemos resuelto que el factor deter-minante será si el evento económico o la fuente del negocio que genera el ingreso están dentro o fuera de la municipalidad. Pfizer Pharm. v. Mun. de Vega Baja, 182 D.P.R. 267, 289 (2011).(4)
Para los servicios de comunicación que no estén incluidos en los servicios de televisión por cable o satélite, servicios de telecomunicaciones o servicios telefónicos, “el volumen de negocios será el importe de lo recaudado de dichos servicios de comunicación en cada municipio donde mantenga oficinas”. (Enfasis suplido). 21 L.P.R.A. sec. 651a(a)(7)(G)(iii).
Por otro lado, la ley dispone que “[e]n caso de que las operaciones de un negocio sean llevadas a cabo en dos (2) o más municipios, el cómputo de la patente se hará prorrateando el volumen de negocios tomando como base el promedio del número de pi[e]s cuadrados de las áreas de los edificios utilizados en cada municipio durante el período contributivo del año natural anterior a la fecha de la radicación de la patente”. 21 L.P.R.A. sec. 651a(a)(7)(H).
Hemos resuelto antes que “cada municipio deberá recibir el pago correspondiente de patente municipal por aquella actividad económica que se materializa dentro de su jurisdicción geográfica, independientemente de si la misma se devenga o contabiliza finalmente por una casa u oficina en otra municipalidad”. (Énfasis suplido). First *820 Bank de P.R. v. Mun. de Aguadilla, 153 D.P.R. 198, 204 (2001). Véase Lever Bros. Export Corp. v. Alcalde S.J., 140 D.P.R. 152, 158 (1996).
Cabe señalar, a modo persuasivo, una Opinión del Se-cretario de Justicia por medio de la cual expresó que “ [e] 1 elemento esencial en la determinación de si una ‘persona dedicada con fines de lucro a la prestación de servicio, a la venta de cualquier bien, a cualquier negocio financiero o a cualquier industria o negocio en los municipios’, tiene que pagar la patente impuesta, es si el evento económico ocurre o se ejecuta dentro de la demarcación geográfica del Municipio”. (Énfasis en el original suprimido y énfasis suplido). Op. Sec. Just. Núm. 1980-2.
En Lever Bros. Export Corp. v. Alcalde S.J., supra, establecimos dos requisitos que deben cumplirse para validar la tributación municipal. El primero de estos exige que la empresa o el negocio tenga un establecimiento comercial u oficina dedicada, con fines de lucro, a la prestación de cualquier servicio en el municipio correspondiente. En segundo lugar, una vez consumado el criterio anterior, es necesario que se determine la base sobre la cual se impondrá la patente.
Establecido el alcance de la Ley de Patentes Municipa-les y los requisitos necesarios para la imposición de la tributación, pasemos a discutir una de las defensas valederas mediante el mecanismo de la moción de desestimación.
B. Moción de desestimación fundamentada en dejar de ex-poner una reclamación que justifique la concesión de un remedio
La Regla 10.2 de Procedimiento Civil, 32 L.P.R.A. Ap. V, establece que
[t]oda defensa de hechos o de derecho contra una reclama-ción se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada:
*821 (1) Falta de jurisdicción sobre la materia.
(2) Falta de jurisdicción sobre la persona.
(3) Insuficiencia del emplazamiento.
(4) Insuficiencia del diligenciamiento del emplazamiento.
(5) Dejar de exponer una reclamación que justifique la con-cesión de un remedio.
(6) Dejar de acumular una parte indispensable.
La referida regla permite que un demandado o reconvenido solicite al tribunal la desestimación de la demanda en su contra por el fundamento de que la acción no expone una reclamación que justifique la concesión de un remedio. Torres, Torres v. Torres et al., 179 D.P.R. 481, 501 (2010). A estos efectos, hemos expresado ya que para resolver una moción de desestimación, los tribunales tienen que dar por ciertas las alegaciones contenidas en la demanda y considerarlas de la manera más favorable para la parte demandante. García v. E.L.A., 163 D.P.R. 800, 814 (2005).
Del mismo modo, reiteramos en Consejo Titulares v. Gómez Estremera et al., 184 D.P.R. 407, 423 (2012), que no procede la desestimación a menos que se deduzca con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo a su reclamación.
Cónsono con lo anterior, la Regla 39.2(c) de Procedimiento Civil, 32 L.P.R.A. Ap. V, dispone lo siguiente:
Después que la parte demandante haya terminado la pre-sentación de su prueba, la parte demandada, sin renunciar al derecho de ofrecer prueba en caso de que la moción sea decla-rada “sin lugar”, podrá solicitar la desestimación fundándose en que bajo los hechos hasta ese momento probados y la ley, la parte demandante no tiene derecho a la concesión de remedio alguno. El tribunal podrá entonces determinar los hechos y dictar sentencia contra la parte demandante, o podrá negarse a dictar sentencia hasta que toda la prueba haya sido presentada. A menos que el tribunal en su orden de desesti-mación lo disponga de otro modo, una desestimación bajo esta Regla 39.2... y cualquier otra desestimación, excepto la que se haya dictado por falta de jurisdicción o por haber omitido acu- *822 mular una parte indispensable, tienen el efecto de una adju-dicación en los méritos.
A estos efectos, Cuevas Segarra nos expresa que
... esta disposición aplica cuando el demandante en el juicio ha terminado la presentación de su prueba, y el demandado, sin renunciar al derecho de ofrecer prueba en casos que la moción sea declarada sin lugar, solicita la desestimación fundamen-tándose en que bajo los hechos hasta ese momento probados por ley, el demandante no tiene derecho a la concesión de re-medio alguno. El tribunal puede determinar los hechos y dic-tar sentencia contra el demandante o puede denegarla hasta la presentación de toda la prueba. J.A. Cuevas Segarra, Tra-tado de derecho procesal civil, San Juan, Pubs. J.T.S., 2011, T. III, pág. 1158.
Examinada la regla que atiende el mecanismo de la des-estimación, veamos su aplicación a los hechos particulares del presente caso.
hH 1 — 1 1 — 1
En el caso de autos, los peticionarios alegan que incidió el foro apelativo al no desestimar la demanda en su contra. Adujeron que aun cuando EDI almacena papel en el muni-cipio de Cataño, los ingresos en concepto de esos productos los genera dentro de los límites territoriales del municipio de Guaynabo y, por ende, es a este último a quien corres-ponde realizar el pago en concepto de patentes. Nos parece correcta esta aseveración. Veamos.
De la Resolución y Orden emitida por el Tribunal de Primera Instancia se establecen como hechos no controver-tidos, entre otros, los siguientes:
4. EDI no producía papel en el Almacén, sino que lo adquiría de fuentes externas.
5. No todo el papel que EDI utilizaba se guardaba en el Alma-cén en [el] Municipio de Cataño (Cataño), también tenía ins-talaciones de almacenaje en [el] Municipio de Guaynabo donde almacenaba papel (Guaynabo).
*823 6. EDI no mantenía empleados en el Almacén de Cataño y la contabilidad de papel se llevaba a cabo en las oficinas de Guaynabo.
7. Prácticamente la totalidad de los servicios y ventas que EDI realiza se llevan a cabo en Guaynabo.
8. EDI contrataba a un tercero para el transporte de papel desde el Almacén a las instalaciones de Guaynabo.
9. Mientras no se necesitase papel, el Almacén permanecía cerrado.
10. EDI no ofrecía servicios al público en general, ni a terce-ras personas desde el Almacén, tampoco vendía productos, im-primía o llevaba a cabo ninguna otra función en el Almacén que no fuera el almacenaje de papel que luego se utilizaría para periódicos. Resolución y Orden del Tribunal de Primera Instancia, Apéndice del Certiorari, pág. 310.
De una simple lectura podemos colegir que aun cuando EDI almacenaba papel en el municipio de Cataño, los in-gresos en concepto de esos productos los generaba dentro de los límites territoriales del municipio de Guaynabo. Por lo tanto, es a favor de este último a quien se debe realizar el pago en concepto de patentes.
Recordemos que anteriormente establecimos que el factor determinante para la imposición del pago de patentes municipales es que “ ‘el ingreso se produzca como consecuencia de los negocios que la persona, natural o jurídica, desempeña en el municipio, lo cual implica que el ingreso no hubiese sido generado a no ser por las operaciones llevadas a cabo allí’ ”. Lever Bros. Export Corp. v. Alcalde S.J., supra, pág. 161, citando a The Coca Cola Co. v. Mun. de Carolina, 136 D.P.R. 216, 221 (1994).
Del mismo modo, la Ley de Patentes Municipales esta-blece que las patentes se calculan a base del volumen de negocio atribuible a las operaciones realizadas en el muni-cipio que impone la patente autorizada. 21 L.P.R.A. sec. 651d(b).
Así pues, siguiendo el criterio rector reiterado en Pfizer Pharm. v. Mun. de Vega Baja, supra, es necesaria la concurrencia de dos criterios para validar la tributación *824 municipal. El primero de estos, como ya mencionamos, exige que la empresa o el negocio tenga un establecimiento comercial o una oficina dedicada, con fines de lucro, a la prestación de cualquier servicio en el municipio correspondiente. En segundo lugar, una vez cumplido con el criterio anterior, es necesario que se determine la base sobre la cual se impondrá la patente.
En este caso, el primer requisito para validar la tribu-tación municipal que reclama Cataño está ausente. Esto, pues EDI no tiene en Cataño un establecimiento comercial u oficina dedicada, con fines de lucro, a la prestación de servicios. Nótese que desde agosto de 2005 hasta agosto de 2008, EDI arrendó un local en Cataño con el único propó-sito de almacenar el papel que luego sería utilizado, de tiempo en tiempo, para la impresión del periódico en Gua-ynabo, conforme a la necesidad de suministro de papel.(5)
Además, el dueño del almacén era quien se encargaba del control de acceso y de la seguridad de este, las calles, los caminos aledaños y el alumbrado. Cuando EDI necesi-taba buscar papel, el acceso al almacén se coordinaba con la seguridad del local y la compañía contratada para la transportación de este entre el almacén y la oficina de Guaynabo.(6)
Más aún, EDI no se dedicaba a vender o distribuir papel almacenado ni dependía de mantener el local para produ-cir el periódico El Nuevo Día. Ello se debe a que mantenía áreas de almacenaje en sus facilidades de Guaynabo y uti-lizaba el almacén de Cataño para mantener una reserva de papel adicional, en aras de abaratar los costos asociados con la compra del papel en menores cantidades.
En conformidad con lo anterior, resulta evidente que dicho almacenamiento no era esencial para el funciona-miento de EDI. La producción del periódico no dependía *825 del papel almacenado en Cataño, sino del que tenían en las facilidades de EDI en Guaynabo.
Finalmente, en cuanto al volumen de negocios atribui-ble a EDI, entendemos que equivale al importe de lo que recauda por sus servicios de comunicación en el municipio de Guaynabo, lugar donde lleva a cabo los negocios. El al-macén que utilizaba en Cataño, según evidencia el récord, no genera allí recaudo alguno.
Siendo ello así, y al tenor de la normativa ex-puesta anteriormente, concluimos que un municipio no puede imponer el pago de patentes a una entidad solo por llevar a cabo una actividad incidental a su negocio dentro de su límite territorial cuando esta no genera ingreso alguno. Por tal razón, es forzoso concluir que erró el tribunal a quo al no desestimar la demanda instada contra Guaynabo.
IV
Por los fundamentos antes expuestos, revocamos la sen-tencia dictada por el Tribunal de Apelaciones. En conse-cuencia, se desestima la demanda presentada contra el mu-nicipio de Guaynabo. Por otro lado, se devuelve el caso al foro primario para la continuación de los procedimientos de la demanda instada en contra del municipio de Cataño de forma compatible con lo aquí resuelto.

Se dictará sentencia de conformidad.

 Véase Resolución y orden del Tribunal de Primera Instancia, Apéndice del Certiorari, pág. 318.

 Íd, pág. 316.

 Véase Ley de Patentes Municipales, 21 L.P.R.A. sec. 651a(a)(7)(H)(16).

 Véanse, además: The Coca Cola Co. v. Mun. de Carolina, 136 D.P.R. 216, 221 (1994); Banco Popular v. Mun. de Mayagüez, 120 D.P.R. 692, 696 (1988).

 Véase Apéndice del Certiorari, pág. 3.

 Íd., pág. 40.