EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Día, Inc.<br>    Peticionario<br><br>        v.<br><br>Municipio de Guaynabo;<br>Municipio de Cataño<br>    Recurridos | Certiorari<br><br>2013 TSPR 15<br><br>187 DPR ____ |

Número del Caso: CC-2012-145

Fecha: 13 de febrero de 2013

Tribunal de Apelaciones:

        Región Judicial de Bayamón

Abogado de la Parte Peticionaria:

        Bufete Aldarondo y López Bras

Abogado de la Parte Recurrida:

        Lcdo. Josué Rodríguez Robles
        Lcdo. William Díaz Natal

Materia: Ley de Patentes Municipales- pago de patente según la actividad de negocio.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Día, Inc.
  Recurrida

                                        Certiorari

        v.

Municipio de Guaynabo        CC-2012-0145
 Municipio de Cataño
     Peticionarios

Opinión del Tribunal emitida por el Juez Asociado Señor Rivera García

En San Juan, Puerto Rico, a 13 de febrero de 2013.

Nos corresponde determinar en el presente recurso si la actividad de almacenamiento de papel llevada a cabo por una compañía de comunicaciones, representa un elemento esencial en el funcionamiento de esa empresa que a su vez incide sobre sus ganancias y volumen de negocios.

El reclamo de la peticionaria se fundamenta en la Ley de Patentes Municipales, 21 L.P.R.A sec. 651, el cual establece que la patente municipal se calcula a base del volumen de negocios atribuibles a la prestación de algún servicio, industria o negocio que se lleve a cabo en un municipio.

El caso de autos tiene su génesis en una impugnación de una notificación final de denegatoria de reintegro de patentes municipales emitida por el Municipio de Guaynabo contra la parte recurrida, El Día, Inc. (EDI), correspondiente a los años fiscales 2005-2006 al 2008-2009. La recurrida alega, a esos efectos, que el Municipio de Cataño le requirió el pago de una deficiencia por concepto de patentes municipales relacionadas con un almacén que esta tiene arrendado en dicho municipio con el fin de guardar una porción de rollos de papel para ser utilizados en la impresión del periódico.

En vista de lo anterior, EDI solicita que se ordene al Municipio de Guaynabo que, a prorrata, le devuelva o acredite cualquier cantidad pagada a este por concepto de patentes municipales.

Conscientes de la naturaleza de la controversia ante nos, pasemos a trazar los hechos pertinentes que dieron origen a la misma.

I

El 22 de junio de 2010 la recurrida presentó una demanda sobre impugnación de cobro de patentes municipales en contra del Municipio de Cataño (Cataño) y del peticionario, Municipio de Guaynabo (Guaynabo). En esta, alegó que Cataño le notificó un déficit en el pago de patentes municipales por el uso de un almacén arrendado que ubica en ese municipio. Además, sostuvo que no corresponde el pago de dichas patentes ya que no realiza

actividades de negocio dentro del referido municipio, ya que este solo servía para almacenar papel que posteriormente sería utilizado para confeccionar el periódico en las facilidades ubicadas en Guaynabo.

Luego de varias incidencias procesales, el 25 de agosto de 2011 el peticionario presentó una moción de desestimación. En síntesis, arguyó que debía desestimarse el pleito en su contra ya que según lo establecido en la Ley de Patentes Municipales, *supra*, el cobro de patentes municipales debe realizarse de acuerdo al volumen de negocio generado en la demarcación geográfica del municipio donde ubican las facilidades dirigidas a ese propósito.

Entre tanto, Cataño se opuso a la solicitud de desestimación. Alegó que de acuerdo a la ley en controversia y su jurisprudencia interpretativa, podía exigirse el pago también en lugares donde una empresa realizara actividades esenciales para su negocio. En virtud de ello, afirmó que el arrendar un establecimiento para el almacenamiento de papel que utilizaría en un futuro, constituía una actividad básica para el funcionamiento de su negocio.

Por su parte, EDI presentó una moción expresando su posición en torno a la petición de desestimación presentada por el Municipio de Guaynabo. En síntesis, alegó ser un proveedor de servicios de comunicación y que no realiza negocios ni mantiene oficinas en Cataño, sino

que es en Guaynabo donde se lleva a cabo su actividad económica. Empero, afirmó que el peticionario debía permanecer en el pleito hasta que se determinase si procedía el pago de las patentes y el alegado rembolso correspondiente por parte del peticionario.

Posteriormente, el Tribunal de Primera Instancia (T.P.I.) dictó una Resolución denegando la petición del Municipio de Guaynabo. A estos efectos, determinó que existe duda sobre si las partes llevarían o no un descubrimiento de prueba a los fines de determinar el alcance de la Ley de Patentes Municipales con respecto a la controversia de este caso. Es decir, si el almacenaje de papel resulta ser esencial para el funcionamiento de EDI.

Asimismo, ordenó a las partes a que luego de presentar su prueba, si así lo hicieran, entregaran al tribunal memorandos de derecho con sus respectivos argumentos sobre si corresponde o no el cobro de patentes municipales por parte de Cataño a la recurrida, bajo el claro entendimiento "que no habría más controversia que las de derecho por resolver".[1] Sobre este particular, el foro de instancia expresó:

> Ahora bien, es cuando utilizamos el método de prorrateo que surge la duda de si las empresas de comunicación deben pagar patente y si es mediante el método de prorrateo que se debe pagarla. Por un lado, la Ley indica que el método de prorrateo podrá ser utilizado para cobrar patentes a negocios de comunicaciones,

---

[1] Véase, Sentencia del T.P.I., Apéndice de la petición de *certiorari*, pág. 318.

incluyendo "otros negocios de comunicaciones". Sin embargo, en un inciso anterior la Ley indica que en "Otros servicios de comunicación…el volumen de negocios será el importe de **lo recaudado** de dichos servicios de comunicación en cada municipio donde mantenga oficinas" creando duda si solo se podrá cobrar patentes en aquellos municipios donde la empresa recauda dinero directamente o donde esta mantenga locales que influyan en la obtención de ganancias.[2] (Énfasis en original).

No conteste con esta determinación, el peticionario acudió mediante recurso de *certiorari* ante el Tribunal de Apelaciones. No obstante, dicho foro determinó no expedir dicho recurso.

Inconforme con ese proceder, el Municipio de Guaynabo presentó un recurso de *certiorari* ante este Tribunal con el siguiente señalamiento de error:

> **Erró el Tribunal de Apelaciones al no expedir el recurso de certiorari ante sí y, en consecuencia, no considerar en los méritos la controversia planteada en el mismo, ni desestimar el caso contra el Municipio de Guaynabo.**

Atendido el recurso, expedimos el auto de *certiorari* solicitado. Las partes han presentado sus respectivos alegatos. Contando con el beneficio de sus comparecencias, procedemos a resolver.

## II

*A. Ley de Patentes Municipales*

La Ley Núm. 113 de 10 de julio de 1974, según enmendada, recoge el estatuto conocido como la Ley de Patentes Municipales, *supra*. Según se deriva de su

---

[2] Id., pág. 316.

Exposición de Motivos, esta fue creada para fijar patentes municipales sobre servicios, ventas, negocios financieros y a otras industrias o negocios. La patente constituye "la contribución impuesta y cobrada por el Municipio bajo las disposiciones de las secs. 651 a 652(y) de este título, a toda persona dedicada con fines de lucro a la prestación de cualquier servicio, a la venta de cualquier bien a cualquier negocio financiero o negocio en los Municipios…de Puerto Rico".[3]

La intención del legislador al aprobar este estatuto fue proveer un mecanismo a los municipios para generar ingresos y fortalecerlos económicamente para que cumplan sus funciones en beneficio del bienestar general de los ciudadanos que habitan en esa área. Café Rico, Inc. v. Mun. De Mayagüez, 155 D.P.R. 548, 559 (2001); F.D.I.C. v. Mun. De San Juan, 134 D.P.R. 385 (1993).

La referida tributación está cimentada en la prestación de servicios y ventas que ofrece la industria o negocio a un consumidor. Tomando esto como base, la ley establece que la patente municipal se calcula a base del volumen de negocio que lleva a cabo la industria o empresa en ese municipio.

Cónsono con lo anterior, la Ley de Patentes Municipales define el volumen de negocios como:

> los ingresos brutos que se reciben o se devenguen por la prestación de cualquier servicio, por la venta de cualquier bien, o por cualquier otra industria o negocio en el

---

[3] Véase, Ley de Patentes Municipales, 21 L.P.R.A. sec. 651a(16).

municipio donde la casa principal realiza sus operaciones, o los ingresos brutos que se reciban o se devenguen por la casa principal en el municipio donde ésta mantenga oficinas, almacenes, sucursales, planta de manufactura, envase, embotellado, procesamiento, elaboración, confección, ensamblaje, extracción, lugar de construcción, o cualquier otro tipo de organización, industria o negocio para realizar negocios a su nombre, sin tener en cuenta sus ganancias o beneficios. 21 L.P.R.A. sec. 651(a)(7)(A)(i).

En armonía con lo anterior, la referida ley dispone cómo se determina el cálculo cuando existen sucursales en distintos municipios:

El volumen de negocios de personas que mantienen oficinas, almacenes, sucursales o cualquier otro tipo de organización de industrias o negocios en distintos municipios de la Isla se determinará en cada municipio por separado a los efectos de que la casa principal pague las contribuciones que corresponda al respectivo municipio donde radica cada oficina, almacén, sucursal o cualquier otro tipo de organización de industria o negocio. 21 L.P.R.A. sec. 651(a)(7)(E).

Bajo este precepto hemos resuelto que el factor determinante será si el evento económico o la fuente del negocio que genera el ingreso están dentro o fuera de la municipalidad. Pfizer Pharm. v. Mun. de Vega Baja, 182 D.P.R. 267, 289 (2011).[4]

Para los servicios de comunicación que no estén incluidos en los servicios de televisión por cable o satélite, servicios de telecomunicaciones o servicios telefónicos, el volumen de negocios será el importe de lo recaudado de dichos servicios de comunicación **en cada**

---

[4] Véanse, además, The Coca-Cola Co. v. Mun. de Carolina, 136 D.P.R. 216, 221 (1994); Banco Popular v. Mun. de Mayagüez, 120 D.P.R. 692, 696 (1988).

**municipio donde mantenga oficinas.** 21 L.P.R.A. sec. 651(a)(7)(G)(iii). (Énfasis suplido).

Por otro lado, la ley dispone que "en caso de que las operaciones de un negocio sean llevadas a cabo en dos (2) o más municipios, el cómputo de la patente se hará prorrateando el volumen de negocios tomando como base el promedio del número de pies cuadrados de las áreas de los edificios utilizados en cada municipio durante el período contributivo del año natural anterior a la fecha de la radicación de la patente..." 21 L.P.R.A. sec. 651(a)(7)(H).

En el pasado, hemos resuelto que cada municipio deberá recibir el pago correspondiente de patente municipal por aquella **actividad económica** que se materializa dentro de su jurisdicción geográfica, independientemente de si la misma se devenga o contabiliza finalmente por una casa u oficina en otra municipalidad. First Bank de Puerto Rico v. Municipio de Aguadilla, 153 D.P.R. 198, 204 (2001); Lever Bros. Export Corp. v. Alcalde de San Juan, 140 D.P.R. 152, 158 (1996). (Énfasis suplido).

Cabe señalar, a modo persuasivo, una Opinión del Secretario de Justicia por medio de la cual expresó que "[e]l elemento esencial para determinar si una persona dedicada con fines de lucro a la prestación de servicios, venta de cualquiera bienes, negocios financieros o industrias de cualquier clase, viene obligada a pagar

patente a determinado Municipio es estrictamente de carácter geográfico; es decir, **es necesario que el evento económico ocurra o se ejecute dentro de la demarcación territorial del Municipio**". Op. Sec. Just., Núm. 2 de 1980. (Énfasis nuestro).

En Lever Bros. Export Corp. v. Alcalde de San Juan, supra, establecimos dos requisitos que deben ser cumplidos para validar la tributación municipal. El primero de estos exige que la empresa o negocio tenga un establecimiento comercial u oficina dedicada con fines de lucro a la prestación de cualquier servicio en el municipio correspondiente. En segundo lugar, una vez consumado el criterio anterior, es necesario que se determine la base sobre la cual se impondrá la patente.

Establecido el alcance de la Ley de Patentes Municipales, *supra*, y los requisitos necesarios para la imposición de la tributación, pasemos a discutir una de las defensas valederas mediante el mecanismo de la moción de desestimación.

B. *Moción de Desestimación fundamentada en dejar de exponer una reclamación que justifique la concesión de un remedio*

La Regla 10.2 de Procedimiento Civil, 32 L.P.R.A. Ap. V. R. 10.2, establece que "toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción

debidamente fundamentada: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; (6) dejar de acumular una parte indispensable".

La referida regla permite que un demandado o reconvenido le solicite al tribunal la desestimación de la demanda en su contra por el fundamento de que la acción no expone una reclamación que justifique la concesión de un remedio. Torres Torres v. Torres _et al._, 179 D.P.R. 481, 501 (2010). A estos efectos, en el pasado hemos expresado que para resolver una moción de desestimación, los tribunales tienen que dar por ciertas las alegaciones contenidas en la demanda y considerarlas de la manera más favorable para la parte demandante. García v. E.L.A., 163 D.P.R. 800, 814 (2005).

Del mismo modo, reiteramos en Consejo Titulares v. Gómez Estremera _et al._, 184 D.P.R. 407, 423 (2012), que no procede la desestimación a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo a su reclamación.

Cónsono con lo anterior, la Regla 39.2 (c) de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 39.2, dispone lo siguiente:

> Después que la parte demandante haya terminado la presentación de su prueba, la parte

demandada, sin renunciar al derecho de ofrecer prueba en caso de que la moción sea declarada sin lugar, podrá solicitar la desestimación fundándose en que bajo los hechos hasta ese momento probados y la ley, la parte demandante no tiene derecho a la concesión de remedio alguno. El tribunal podrá entonces determinar los hechos y dictar sentencia contra la parte demandante, o podrá negarse a dictar sentencia hasta que toda la prueba haya sido presentada. A menos que el tribunal en su orden de desestimación lo disponga de otro modo, una desestimación bajo esta Regla 39.2 y cualquier otra desestimación, excepto la que se haya dictado por falta de jurisdicción o por haber omitido acumular una parte indispensable, tienen el efecto de una adjudicación en los méritos.

A estos efectos, Cuevas Segarra nos expresa que:

esta disposición aplica cuando el demandante en el juicio ha terminado la presentación de su prueba, y el demandado, sin renunciar al derecho de ofrecer prueba en casos que la moción sea declarada sin lugar, solicita la desestimación fundamentándose en que bajo los hechos hasta ese momento probados por ley, el demandante no tiene derecho a la concesión de remedio alguno. El tribunal puede determinar los hechos y dictar sentencia contra el demandante o puede denegarla hasta la presentación de toda la prueba.

J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, T. III, Publicaciones J.T.S., San Juan, P.R., 2011, pág. 1158.

Examinada la regla que atiende el mecanismo de la desestimación, veamos su aplicación a los hechos particulares del presente caso.

III

En el caso de autos, los peticionarios alegan que incidió el foro apelativo al no desestimar la demanda en su contra. Adujeron que aun cuando EDI almacena papel en el Municipio de Cataño, los ingresos por concepto de esos

productos los genera dentro de los límites territoriales del Municipio de Guaynabo, y por ende, es a este último a quien corresponde realizar el pago por concepto de patentes. Nos parece correcta esta aseveración. Veamos.

De la Resolución y Orden emitida por el Tribunal de Primera Instancia se establecen como hechos no controvertidos lo siguiente:

1.        …

2.        …

3.        …

4. EDI no producía papel en el Almacén, sino que lo adquiría de fuentes externas.

5. No todo el papel que EDI utilizaba se guardaba en el Almacén en el Municipio de Cataño, también tenía instalaciones de almacenaje en el Municipio de Guaynabo donde almacenaba papel (Guaynabo).

6. EDI no mantenía empleados en el almacén de Cataño y la contabilidad de papel se llevaba acabo en las oficinas de Guaynabo.

7. Prácticamente la totalidad de los servicios y ventas que EDI realiza se llevan acabo en Guaynabo.

8. EDI contrataba un tercero para transporte de papel desde el almacén hasta las instalaciones de Guaynabo.

9. Mientras no se necesitara papel, el almacén permanecía cerrado.

10. EDI no ofrecía servicios al público en general, ni a terceras personas desde el almacén, tampoco vendía productos, imprimía o llevaba acabo ninguna otra función en el almacén que no fuera almacenaje de papel que luego se utilizaría para periódicos.

Véase, *Resolución y Orden del T.P.I.*, Apéndice de la petición de *certiorari*, pág. 309.

De una simple lectura podemos colegir que aun cuando EDI almacenaba papel en el Municipio de Cataño, los ingresos por concepto de esos productos los generaba dentro de los límites territoriales del Municipio de Guaynabo. Por lo tanto, es a favor de este último a quien se debe realizar el pago por concepto de patentes.

Recordemos que en el pasado establecimos que el factor determinante para la imposición del pago de patentes municipales es que "el ingreso se produzca como consecuencia de los negocios que la persona, natural o jurídica, desempeña en el Municipio, lo cual implica que el ingreso no hubiese sido generado a no ser por las operaciones llevadas a cabo allí". Lever Bros. Export Corp. v. Alcalde S.J., supra, pág. 161.

Del mismo modo la Ley de Patentes Municipales, supra, establece que las patentes se calculan a base del volumen de negocio atribuible a las operaciones realizadas en el municipio que impone la patente autorizada. 21 L.P.R.A. sec. 651d(b).

Así pues, siguiendo el criterio rector reiterado en Pfizer Pharm. v. Mun. de Vega Baja, supra, para validar la tributación municipal es necesaria la concurrencia de dos criterios. El primero de estos, como mencionamos anteriormente, exige que la empresa o negocio tenga un establecimiento comercial u oficina dedicada con fines de lucro a la prestación de cualquier servicio en el municipio correspondiente. En segundo lugar, una vez

cumplido con el criterio anterior, es necesario que se determine la base sobre la cual se impondrá la patente.

En este caso, el primer requisito para validar la tributación municipal que reclama el Municipio de Cataño está ausente. Esto pues EDI no tiene en Cataño un establecimiento comercial u oficina dedicada con fines de lucro a la prestación de servicios. Nótese que desde el mes de agosto de 2005 hasta agosto de 2008, EDI arrendó un local en Cataño con el único propósito de almacenar el papel que luego sería utilizado de tiempo en tiempo para la impresión del periódico en Guaynabo conforme a la necesidad de suministro de papel.[5]

Además, el dueño del almacén era quien se encargaba del control de acceso y seguridad del mismo, las calles, caminos aledaños y el alumbrado. Cuando EDI necesitaba buscar papel, el acceso al almacén se coordinaba con la seguridad del local y la compañía contratada para la transportación del mismo entre el almacén y la oficina de Guaynabo.[6]

Mas aún, EDI no se dedicaba a vender o distribuir papel almacenado, ni dependía de mantener el local para producir el periódico El Nuevo Día. Ello se debe a que mantenía áreas de almacenaje en sus facilidades de Guaynabo y utilizaba el almacén de Cataño para mantener una reserva de papel adicional en aras de abaratar los

---

[5] Véase, Apéndice de la petición de *certiorari*, pág. 3.
[6] Véase declaración Jurada, Exhibit 3, Apéndice de la petición de *certiorari*, págs. 39-40.

costos asociados con la compra del mismo en menores cantidades.

De conformidad con lo anterior, resulta evidente que dicho almacenamiento no era esencial para el funcionamiento de EDI. La producción del periódico no dependía del papel almacenado en Cataño, sino del que tenían en las facilidades de EDI en Guaynabo.

Finalmente, en cuanto al volumen de negocios atribuible a EDI, entendemos que equivale al importe de lo que recauda por sus servicios de comunicación en el Municipio de Guaynabo, lugar donde lleva a cabo los mismos. El almacén que utilizaba en Cataño, según evidencia el récord, no genera allí recaudo alguno.

Siendo ello así, y al tenor de la normativa expuesta anteriormente, concluimos que un municipio no puede imponer el pago de patentes a una entidad solo por llevar a cabo una actividad incidental a su negocio dentro de su límite territorial cuando esta no genera ingreso alguno. Por tal razón, es forzoso concluir que erró el tribunal *a quo* al no desestimar la demanda instada contra el Municipio de Guaynabo.

IV

Por los fundamentos antes expuestos, revocamos la sentencia dictada por el Tribunal de Apelaciones. En consecuencia, se desestima la demanda presentada contra el Municipio de Guaynabo. Por otro lado, se devuelve el caso al foro primario para la continuación de los

procedimientos de la demanda instada en contra del Municipio de Cataño de forma compatible con lo aquí resuelto.

Se dictará sentencia de conformidad.


Edgardo Rivera García
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Día, Inc.

    Recurrida

      v.

Municipio de Guaynabo;
Municipio de Cataño

    Peticionarios

Certiorari

CC-2012-0145

SENTENCIA

En San Juan, Puerto Rico, a 13 de febrero de 2013.

Por los fundamentos antes expuestos, revocamos la sentencia dictada por el Tribunal de Apelaciones. En consecuencia, se desestima la demanda presentada contra el Municipio de Guaynabo. Por otro lado, se devuelve el caso al foro primario para la continuación de los procedimientos de la demanda instada en contra del Municipio de Cataño de forma compatible con lo aquí resuelto.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco no interviene. La Jueza Asociada señora Fiol Matta no intervino. La Juez Asociada señora Rodríguez Rodríguez disiente con la siguiente expresión: "Disiento de la opinión mayoritaria por entender inapropiada nuestra intervención en esta etapa de los procedimientos. Por otro lado, después de resolver la controversia, el Tribunal devuelve innecesariamente el caso al Tribunal de Primera Instancia para que continúe los procedimientos en un caso ya resuelto. Por estas razones disiento de la opinión emitida por este Tribunal."

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo